Antoniette MOOREHOUSE, Individ-
ually and on Behalf of All Others
Similarly Situated, Appellant,

v.

The CHASE MANHATTAN BANK,
f/k/a Chase Bank of Texas,
N.A., Appellee.

No. 04–01–00293–CV.

Court of Appeals of Texas,
San Antonio.

March 27, 2002.

Jason Joseph Thompson, Robert S. Thompson, Thompson & Thompson, P.C., San Antonio, for Appellant.

John A Davis, Jr., R. Martin Webber, Jr., Steven R. Davis, Davis & Davis, Houston, for Appellant.

Michael J. Black, P. Keith O'Gorman, Burns, O'Gorman, McWilliams, Black & Weyand, L.L.C., San Antonio, for Appellant.

Ryan G. Anderson, Prichard Hawkins Davis & Young, San Antonio, for Appellant.

W. Wendell Hall, Dean V. Fleming, Rosemarie Kanusky, Fulbright & Jaworski, L.L.P., San Antonio, for Appellee.,

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

### SANDEE BRYAN MARION, Justice.

Antoniette Moorehouse, the plaintiff below, seeks reversal of a take-nothing summary judgment in favor of Chase Manhattan Bank, the defendant below. Because we find that Chase was entitled to summary judgment as a matter of law, we affirm.

### FACTUAL BACKGROUND

Chase has a policy under which it charges non-customers a fee for cashing checks drawn on its customer business accounts. Moorehouse received a reimbursement check of $112.49 from her employer, the Arthritis Foundation. Moorehouse is not a customer of Chase; the Arthritis Foundation is a customer of Chase. Moorehouse took the check to Chase, and was told she would be charged $5.00 to cash the check. Moorehouse cashed the check, and received the face value of the check less the $5.00 fee.

### PROCEDURAL BACKGROUND

Moorehouse sued Chase in her individual capacity and on behalf of all others similarly situated, alleging (in her third amended petition): (1) conversion under the common law and under Texas Business and Commerce Code ("UCC") section 3.420(a); (2) violation of the Texas Theft Liability Act and Penal Code sections 31.03, 31.06, and 31.08; (3) unjust enrichment and/or monies had and received; and (4) fraud. Chase filed a (first amended) motion for dismissal or, alternatively, for summary judgment. In its motion for dismissal, Chase asserted there is no cause of action under Texas law against a drawee bank for any of Moorehouse's claims. In its motion for summary judgment, Chase argued it was entitled to judgment as a matter of law on each of Moorehouse's causes of action.

Moorehouse filed special exceptions to Chase's (original) motion to dismiss and motion for summary judgment. She specially excepted to the motion for summary judgment on the grounds that (1) Chase did not cite the specific provision of Texas Rule of Civil Procedure 166a under which it was moving for summary judgment; (2) Chase argued it defeated as a matter of law "one or more elements" of her causes

of action without specifically identifying on which elements it was moving for summary judgment; (3) Chase made numerous conclusory legal statements and Chase should be required to state why it was entitled to summary judgment on each of her claims; (4) the motion did not set forth whether Chase was moving for relief based on a defense or on Moorehouse's causes of action; and (5) Chase incorrectly stated that she is arguing that the fee is illegal.

The trial court denied Moorehouse's special exceptions, denied Chase's motion to dismiss, and granted Chase's motion for summary judgment, without stating its grounds.

## MOOREHOUSE'S ISSUES ON APPEAL

■ Chase contends Moorehouse waived all her complaints on appeal because she did not present a single, broad *Malooly* issue and she did not address the elements of her causes of action that Chase challenged in its motion for summary judgment. However, we construe Moorehouse's brief on appeal as assigning error to some, but not all, of the grounds upon which Chase sought summary judgment.

Rather than present a *Malooly* issue on appeal, Moorehouse asserts the trial court erred in granting the summary judgment and denying her special exceptions because Chase's motion for summary judgment was procedurally flawed in that it does not state the specific grounds upon which Chase based its motion, and does not identify the specific elements of her claim it allegedly disproved as a matter of law or identify which of its affirmative defenses it allegedly proved as a matter of law. Moorehouse also asserts the trial court erred in granting the summary judgment because (1) summary judgment on the pleadings is an abuse of discretion

because she was not given the opportunity to amend her pleadings, (2) she was not given an adequate time for discovery, and (3) summary judgment is "directly contrary to the provisions of the UCC."

## SPECIAL EXCEPTIONS/JUDGMENT ON THE PLEADINGS

■ Moorehouse complains that the trial court erred in denying her special exceptions to Chase's summary judgment because Chase's motion was ambiguous. Moorehouse filed special exceptions to Chase's original motion to dismiss/motion for summary judgment. Chase then filed an amended motion to dismiss/motion for summary judgment. Moorehouse did not file special exceptions to the amended pleading; thus, she waived her complaint to any deficiency in the pleading. *See Transmission Exch., Inc. v. Long*, 821 S.W.2d 265, 269 (Tex.App.-Houston [1st Dist.] 1991, writ denied).

Moorehouse also complains that summary judgment on the ground she asserted no viable cause of action was not proper because Chase should have been required to specially except to her pleading and she, in turn, should have been allowed to amend her pleadings. The trial court denied Chase's motion to dismiss, but granted its motion for summary, which was based on grounds other than that Moorehouse had no viable cause of action.

Chase filed its original motion to dismiss/motion for summary judgment on February 21, 2001. Moorehouse amended her petition on March 15, 2001. Chase filed its amended motion to dismiss/motion for summary judgment on March 28, 2001. Chase's basis for moving for summary judgment did not change from its original motion to its amended motion; therefore, Moorehouse had two opportunities to amend her pleading before the trial court

granted Chase's amended motion for summary judgment.

## ADEQUATE TIME FOR DISCOVERY

■ Moorehouse asserts she was not given adequate time for discovery before the trial court granted Chase's no-evidence motion for summary judgment. A no-evidence summary judgment cannot be granted prior to the passage of an "adequate time for discovery." TEX.R. CIV. P. 166a(i); *Crow v. Rockett Special Util. Dist.*, 17 S.W.3d 320, 328 (Tex.App.-Waco 2000, pet. denied). This time restriction does not apply to a traditional motion for summary judgment. TEX.R. CIV. P. 166a(b); *Crow*, 17 S.W.3d at 328. In its motion for summary judgment, Chase specifically stated that it was not moving for a no-evidence summary judgment.

■ Furthermore, we review a trial court's determination that there has been an adequate time for discovery for an abuse of discretion. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). Chase moved for summary judgment on legal grounds, there are no disputed issues of fact, and Moorehouse does not explain how the trial court abused its discretion.

## UCC ARGUMENTS

The remainder of Moorehouse's argument on appeal centers on her assertion that Chase's check cashing fee violates the UCC. She argues that the fee is an unenforceable condition precedent, because it is not "express"; Chase's policy undermines the UCC goal of commercial certainty; and Chase violated its duty to pay the full face value of the check when it took possession of the check. Moorehouse also takes issue with the trial court's consideration of a document entitled "Terms and Conditions of Deposit Accounts for Business Entities," which she suggests was parol evidence modifying the UCC. She argues that because the document contradicted the terms of the check, her parol evidence objection should have been sustained.

### MOOREHOUSE'S CONVERSION CLAIMS

■ In her petition, Moorehouse alleged Chase pays to itself monies from funds payable to noncustomers and Chase exercised dominion and control over the check made payable to herself in denial of, and inconsistent with, her right to the check in the absence of Chase's payment of the full face value. She sought recovery of the amount converted. On appeal, Moorehouse challenges Chase's entitlement to summary judgment on her conversion claims, but her argument goes to alleged conversion of the check and not the $5.00.

The UCC requires a payee to present the check, give reasonable identification, and sign a receipt on the check for any payment made for less than the full face value or surrender the check if full payment is made. TEX. BUS. & COM.CODE ANN. § 3.501(b)(2) (Vernon Supp.2001). Once presentment is made, the bank, without dishonoring the check, may return the check for lack of a necessary endorsement or refuse payment or acceptance because the presentment does not comply with the terms of the check, the parties' agreement, or other applicable rule or law. *Id.* § 3.501(b)(3).

Moorehouse contends Chase "dishonored" the check when it refused to pay the full face value. She concedes that a claim for wrongful dishonor belongs to the check's maker; however, she argues that because Chase did not pay the full face value of the check, it did not have a legal right of possession to the check, and thus, is liable for conversion because it kept the check. On the other hand, Chase contends

that it paid the full face value of the check, and then charged a fee of $5.00. Because it paid the full face value, Chase concludes it had the right to retain possession of the check.

■■■■ The UCC provides that, "[t]he law applicable to conversion of personal property applies to instruments. An instrument is also converted if … a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." *Id.* § 3.420(a). Under the common law, conversion is any distinct act of dominion wrongfully exerted over another person's personal property in denial of, or inconsistent with, that other person's superior right in the property, either permanently or for an indefinite time. *International Freight Forwarding, Inc. v. American Flange,* 993 S.W.2d 262, 269 (Tex.App.-San Antonio 1999, no pet.). Because Chase did not "make or obtain payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment," Moorehouse had to prove: (1) she owned, had legal possession of, or was entitled to possession of the check; (2) Chase assumed and exercised dominion and control over the check in an unlawful and unauthorized manner, to the exclusion of and inconsistent with her rights; (3) she made a demand for the check; and (4) Chase refused to return the check. *See Ojeda v. Wal-Mart Stores, Inc.,* 956 S.W.2d 704, 707 (Tex.App.-San Antonio 1997, pet. denied). In her summary judgment affidavit, Moorehouse does not contend that she refused to give the check to the bank teller or that she demanded return of the check; instead, she states that the "teller took possession of the check, entered something in a computer and gave me $107.49. The teller explained that $5.00 of the face amount of the check was being kept by the bank as a 'check cashing fee.' I requested that I be given a receipt…." The receipt notes a $5.00 check cashing fee. We hold that Moorehouse did not raise a fact issue sufficient to defeat Chase's entitlement to summary judgment on her common law and statutory conversion claims because she did not demand return of the check nor did Chase refuse to return it.

## MOOREHOUSE'S TEXAS THEFT LIABILITY ACT CLAIMS

■■■■ In her petition, Moorehouse alleged Chase violated the Theft Liability Act because Chase has a standard practice of refusing to pay the face amount of checks to non-customers solely because these payees are not Chase account-holders. She contends that Chase's requirement that the payee be a customer to avoid the fee is a condition precedent to payment of the full face value of the check, and there is no such condition precedent printed on the check. She asserts Chase's requirement that the check be surrendered for an amount less than the face value violates UCC section 3.501(b)(2)(C), which requires "the person making presentment" to "sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made." TEX. BUS. & COM.CODE ANN. § 3.501(b)(2)(C). As a result, Moorehouse alleges Chase illegally diverts amounts to its own use from amounts directed to payees.

On appeal, Moorehouse argues that the payment of a fee in exchange for a non-customer cashing a check at Chase is a condition precedent, and, because this condition precedent is not printed on the face of the check, it violates UCC section 3.106.[1] Because the check did not contain

1. "Except as provided in this section, for the purposes of Section 3.104(a), a promise or

an express condition for payment, Moorehouse contends she was entitled to the full face value of the check. Assuming for the sake of argument only that the fee was a condition precedent to payment, Moorehouse's argument does not defeat Chase's entitlement to summary judgment on her Theft Liability Act claim.

Under the Theft Liability Act, "theft" means "unlawfully appropriating property or unlawfully obtaining services described by Section 31.03, 31.04, 31.05, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code." TEX. CIV. PRAC. & REM.CODE ANN. § 134.002(2) (Vernon Supp.2001). In her petition, Moorehouse alleged violations of Penal Code sections 31.03 and 31.06, which are as follows:

> "**Theft.** (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property. (b) Appropriation of property is unlawful if: (1) it is without the owner's effective consent; (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another." TEX. PEN.CODE ANN. § 31.03(a), (b) (Vernon Supp.2001).

> "**Presumption for Theft by Check.** (a) If the actor obtained property or secured performance of service by issuing or passing a check or similar sight order for the payment of money, when the issuer did not have sufficient funds in or on deposit with the bank or other

drawee for the payment in full of the check or order as well as all other checks or orders then outstanding, . . . [or]"

> . . .

> (f) If the actor obtained property by issuing or passing a check or similar sight order for the payment of money, the actor's intent to deprive the owner of the property under Section 31.03 (Theft) is presumed, except in the case of a postdated check or order, if . . . . *Id.* § 31.06(a), (f).

Moorehouse also alleged Section 31.08, which establishes the value of the property or service. *Id.* § 31.08 (Vernon 1994).

Moorehouse's Section 31.03 claim is defeated for the same reason her conversion claims are defeated: she consented to Chase retaining the check, she did not demand its return, and Chase did not refuse its return. Therefore, Chase's "appropriation" of the check was not "without her effective consent." Section 31.06 clearly does not apply here because Chase did not issue or pass the check.

## MOOREHOUSE'S FRAUD CLAIM

 In her petition, Moorehouse alleged Chase defrauds non-customers under the guise of charging a check cashing fee even though such payees are not liable to Chase for these fees. Moorehouse alleges fraud because the check requires that the full face amount be paid upon proper presentment, but Chase has no intention of paying the full face value. Because Chase does not place conditions precedent on its checks, it induces payees to accept Chase checks in anticipation of receiving the full face value, which Chase

---

order is unconditional unless it states (i) an express condition to payment, (ii) that the promise or order is subject to or governed by another writing, or (iii) that rights or obligations with respect to the promise or order

are stated in another writing. A reference to another writing does not of itself make the promise or order conditional." *Id.* § 3.106(a).

does not honor because it then deducts amounts in the guise of a "fee." Further, Chase requires that the check be surrendered even though it has not paid the full face value.

To prevail on her fraud claim, Moorehouse had to prove that: (1) Chase made a material representation; (2) the representation was false; (3) when Chase made the representation it knew it was false or Chase made it recklessly without any knowledge of the truth and as a positive assertion; (4) Chase made the representation with the intention that it should be acted upon by Moorehouse; (5) Moorehouse acted in reliance upon it; and (6) she thereby suffered injury. *Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex.1998). A material misrepresentation may include a failure to disclose, as alleged by Moorehouse. *Id.*

Generally, there is no duty to disclose without a confidential or fiduciary relationship. Moorehouse does not assert the relationship between a drawee bank and a non-customer payee rises to the level of a confidential or fiduciary relationship. However, a duty to disclose may arise in certain limited circumstances. For example, when particular circumstances impose on a person a duty to speak and he deliberately remains silent, his silence is equivalent to a false representation. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex.1986).

Here, Chase did not have a contractual relationship with Moorehouse; its only relationship was with its customer, the Arthritis Foundation. The only possible relationship between Moorehouse and Chase arose when Moorehouse went to Chase to cash the check. If Chase had a duty to disclose the fee, that duty arose when Moorehouse gave the check to the teller. At that time, Chase disclosed the fee and Moorehouse had the opportunity to pay the fee and cash the check or refuse to pay the fee and not cash the check at Chase. She did not object to paying the fee, and Chase cashed her check.

**MOOREHOUSE'S UNJUST ENRICHMENT AND/OR MONIES HAD AND RECEIVED CLAIM**

In her petition, Moorehouse alleged Chase "methodically and wrongfully" requires the surrender of negotiable instruments without payment of the full face value, and then charges the full face value against the customer's account. As a result, Chase insures it will maintain possession of the difference between the funds paid and the face value of the instrument.

Moorehouse's UCC claim cannot be construed as assigning error to summary judgment on this claim, and this court may not reverse a trial court's judgment in the absence of properly assigned error. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

## CONCLUSION

Because Moorehouse's UCC arguments did not defeat Chase's entitlement to summary judgment as a matter of law on her various causes of action, we affirm the trial court's judgment.