TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00193-CV







James D. Crownover, Appellant


v.


Melvin Crownover, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 19529, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING




 Several years after their mother died, leaving her estate to her sons, appellee Melvin
Crownover and appellant James D. Crownover, (1) Melvin sued James for fraud, conversion, breach
of fiduciary duty, and theft, alleging that James had concealed some of their mother's assets from
Melvin. Melvin sought the value of his portion of the hidden assets, punitive damages, and
attorney's fees. James moved for summary judgment on grounds that Melvin's causes of action were
barred by the statute of limitations and requested attorney's fees under the Texas Theft Liability Act
("the TTLA"). See Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001-.005 (West 1997 & Supp. 2003). 
The district court granted James's motion for summary judgment on the limitations issue but denied
James's request for attorney's fees. James appeals, arguing he is entitled to attorney's fees under the
TTLA and because Melvin's suit was brought in bad faith. We affirm the district court's judgment.

 Section 134.005 of the TTLA provides that a person "who prevails in a suit under this
chapter shall be awarded court costs and reasonable and necessary attorney's fees." Tex. Civ. Prac.
& Rem. Code Ann. § 134.005(b) (West 1997). James argues that Melvin, by asserting that James
committed theft, raised a claim under the TTLA, and that as the prevailing party on Melvin's claims, (2)
he is therefore entitled to attorney's fees and costs under section 134.005. Melvin counters that he
did not bring any claims under the TTLA.

 A plaintiff may not recover on a cause of action that is not put forth in his pleadings
in such a way as to give the defendant "fair notice" of the relief sought. See Stoner v. Thompson,
578 S.W.2d 679, 682-83 (Tex. 1979). A court must be able to "ascertain with reasonable certainty"
the elements of the cause of action and the relief sought from the pleadings alone and without
resorting to other information. Id. at 683. A plaintiff need not explicitly refer to the statute under
which he sues to sufficiently allege a statutory violation. See Eagle Trucking Co. v. Texas Bitulithic
Co., 590 S.W.2d 200, 207 (Tex. Civ. App.--Tyler 1979), rev'd in part on other grounds, 612
S.W.2d 503 (Tex. 1981). Numerous cases describe when a plaintiff's petition sufficiently raises a
cause of action in order for him to recover under that claim. See, e.g., Roark v. Allen, 633 S.W.2d
804, 809-10 (Tex. 1982); Castleberry v. Goolsby Bldg. Corp., 617 S.W.2d 665, 666 (Tex. 1981);
Stoner, 578 S.W.2d at 683-84; Stone v. Lawyers Title Ins. Corp., 554 S.W.2d 183, 186 (Tex. 1977). 
However, this cause presents us with a different question: may a defendant interpret a plaintiff's
vague pleadings as relying on a particular statute to give the defendant statutory remedies against the
plaintiff when the defendant prevails on the question of liability? We review a trial court's
determination of questions of law de novo. State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996). When
findings of fact or conclusions of law are not requested, we will affirm a judgment on any legal
theory supported by evidence. Lassiter v. Bliss, 559 S.W.2d 353, 358 (Tex. 1977). 

 Melvin's pleadings never referred to the TTLA. He alleged the following facts:
Melvin agreed that James, who had handled their mother's financial affairs for her, should manage
her estate after her death; James convinced Melvin that probate was unnecessary because the estate
had very limited assets; James told Melvin that he had divided the estate between them; several years
later, Melvin learned that his mother had owned stock in a large corporation; James falsely claimed
to have told Melvin about the stock and paid him his share; Melvin demanded that James make an
accounting and give Melvin his share of the stock, but James had so far failed and refused to do so. 
The portion of his petition raising his causes of action, in its entirety, alleged:


CAUSES OF ACTION


 [Melvin] and [James] are joint owners of the assets of the estate of their deceased
mother. As a joint owner [Melvin] is entitled to an accounting of those assets
and a partition of his portion of the same.
 [James] has hidden and concealed assets of the estate of their deceased mother
from [Melvin] with the intent to deprive [Melvin] of his share of those assets. He
has by acts and omissions sought to conceal the existence of the assets from
[Melvin]. Such action constitutes fraud, conversion, breach of fiduciary duty and
theft.


Melvin sought his portion of the hidden assets, punitive damages, interest, and attorney's fees.

 James filed numerous special exceptions, attacking all of Melvin's asserted causes
of action. James argued that "theft is not a cause of action for a civil suit" and that Melvin's
pleadings do not "give fair notice of [Melvin's] claim for theft." He also specially excepted to
Melvin's request for attorney's fees, stating that Melvin "failed to specify which statute would make
attorney fees available in this lawsuit." The TTLA was first mentioned in James's motion for
summary judgment, when James argued he was entitled to attorney's fees under section 134.005,
characterizing Melvin's claim as a "claim for civil theft." James also argued he was entitled to
attorney's fees because Melvin had acted in bad faith in bringing his suit in the first place. After the
district court granted summary judgment on James's limitations issue and deferred the attorney's fee
issue, James filed a motion for attorney's fees, costs, and interest, making the same arguments. The
record does not reflect that Melvin responded to either of James's motions. The district court denied
James's motion for attorney's fees, stating that it was "of the opinion that [Melvin] did not allege
a cause of action under" the TTLA, and ordered Melvin to pay all court costs. (3)

 James argues that Melvin must have been relying on the TTLA because there is no
common-law action for theft and because Melvin sought attorney's fees and the TTLA is the only
avenue that would allow such a recovery. He further argues that Melvin had fair notice of James's
argument regarding the TTLA but failed to respond to either of James's motions.

 While it is worth noting that Melvin did not respond to James's civil theft allegations
by responding to either motion, we do not believe that such a failure amounted to Melvin's consent
to James's argument. James, as movant for a traditional summary judgment, had the burden of
establishing that he was entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Melvin was under no obligation to respond
to James's argument until James produced evidence establishing that there was no issue of material
fact as to his entitlement to attorney's fees. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197
(Tex. 1995). Although it might have been better practice to respond to those arguments, Melvin was
not obliged to do so until James established his right to judgment. Melvin argued to the district
court, as he does on appeal, that he did not bring an action under the TTLA, and the court agreed.

 We do not believe that the mere inclusion of the word "theft" in Melvin's pleadings
raised the TTLA sufficiently that either party could avail himself of the remedies of section 134.005
or any other section of the TTLA. We do not believe that James can overinterpret Melvin's
pleadings so as to give himself a statutory remedy not sought by Melvin. James himself specially
excepted to Melvin's plea for attorney's fees, noting that Melvin did not present statutory authority
for such an award. Had Melvin prevailed on the merits and sought attorney's fees, we believe James
would have been justified in arguing that Melvin had not stated a claim entitling him to such fees.

 Conversion is the civil counterpart of the criminal offense of theft. See Tex. Pen.
Code Ann. § 31.02 (West 1994) ("Theft . . . constitutes a single offense superseding the separate
offenses previously known as theft, theft by false pretext, conversion by a bailee . . . ."); Stockman
v. State, 826 S.W.2d 627, 637 (Tex. App.--Dallas 1992, pet. ref'd) (Enoch, C.J., dissenting) ("theft
is the criminal parallel of civil conversion"); see also Black's Law Dictionary 333, 1486-87 (7th ed.
1999) (conversion is "wrongful possession or disposition of another's property as if it were one's
own"; theft is "felonious taking and removing of another's personal property with the intent of
depriving the true owner of it"). Conversion is a common-law cause of action and is commonly
brought in civil courts; on the other hand, this Court has found very few cases brought under the
TTLA. See, e.g., Texas Commerce Bank, Nat'l Ass'n v. New, 3 S.W.3d 515 (Tex. 1999) (discussing
affidavits filed in suit brought under TTLA); Moorehouse v. Chase Manhattan Bank, 76 S.W.3d 608
(Tex. App.--San Antonio 2002, no pet.) (TTLA and conversion suit dismissed on summary
judgment); Johns v. Ram-Forwarding, Inc., 29 S.W.3d 635 (Tex. App.--Houston [1st Dist.] 2000,
no pet.) (discussing "prevailing party" under TTLA); Sedillo v. Campbell, 5 S.W.3d 824 (Tex.
App.--Houston [14th Dist.] 1999, no pet.) (suit brought under TTLA; appellate issues related solely
to waiver of arbitration). We hold that the mere use of the word "theft" that appears only one time
in the petition, without some kind of statutory reference or allusion, did not raise a claim under this
rarely used and very specific statute. Our opinion is bolstered by James's special exceptions both
to Melvin's "theft" cause of action and to Melvin's request for attorney's fees. James first argued
that Melvin had no statutory authority to request attorney's fees and then attempted to read into
Melvin's pleadings a very specific statute not alleged in the pleadings in order to obtain attorney's
fees himself. We hold that the district court did not err in finding that Melvin did not raise a cause
of action under the TTLA.

 James alternatively argues that Melvin's lawsuit was clearly brought in bad faith, thus
entitling James to recover attorney's fees as an exception to the usual rule that attorney's fees are not
recoverable unless authorized by contract or statute. See McCall v. Tana Oil & Gas Corp., 82
S.W.3d 337, 344-45 (Tex. App.--Austin 2001, pet. granted); Thomas v. Prudential Sec., Inc., 921
S.W.2d 847, 850-51 (Tex. App.--Austin 1996, no writ). A lawsuit is brought in bad faith if brought
"when the claim is entirely without color and has been asserted wantonly, for purposes of harassment
or delay, or for other improper reasons." McCall, 82 S.W.3d at 345 (quoting Browning Debenture
Holders' Comm. v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir. 1977)). James supports his assertion
of bad faith by pointing to the fact that Melvin did not produce evidence to support his claims and
Melvin's counsel stated at the hearing on attorney's fees, "In retrospect now I should have simply
filed a motion for nonsuit." We disagree.

 At the hearing on attorney's fees, Melvin's attorney stated that he had agreed to
James's motion for summary judgment because (1) he could not get around the statute of limitations
and (2) he wished to "end the war" between the brothers. The fact that after filing suit Melvin and
his attorney realized they could not defeat James's statute of limitations defense does not require a
finding that the suit was brought in bad faith. James's statute of limitations defense does not
establish that Melvin's complaints regarding James's concealment of some of their mother's assets
had no basis in fact. Melvin was not required to produce evidence to support his claims because
James prevailed on the basis of a statute of limitations defense, not on a "no-evidence" motion for
summary judgment. See Tex. R. Civ. P. 166a(c), (i).

 James has not established that Melvin brought his lawsuit "wantonly, for purposes
of harassment or delay, or for other improper reasons." See McCall, 82 S.W.3d at 345. We hold that
the trial court did not err in refusing to award James attorney's fees under the TTLA or for Melvin's
alleged bad faith. We overrule James's issue on appeal and affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: December 12, 2002

Do Not Publish
1. Because both parties share the same surname, for clarity we will respectfully refer to them
by their first names.
2. A "prevailing party" successfully prosecutes or defends a suit; such a determination
depends on the party's success on the merits, not on whether the party was awarded damages. Johns
v. Ram-Forwarding, Inc., 29 S.W.3d 635, 637-38 (Tex. App.--Houston [1st Dist.] 2000, no pet.);
City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App.--Amarillo 1997, pet. denied); see Dear v.
City of Irving, 902 S.W.2d 731, 739 (Tex. App.--Austin 1995, writ denied) (prevailing party is one
who is vindicated by judgment). James, as a defendant who successfully asserted the defense of
limitations against Melvin's issues, was the prevailing party. See G. Richard Goins Constr. Co. v.
S.B. McLaughlin Assocs., Inc., 930 S.W.2d 124, 130 (Tex. App.--Tyler 1996, writ denied).
3. On February 21, 2002, the district court denied James's motion for attorney's fees using
an order drafted by James to provide that his motion should be granted. The district court crossed
out the language favorable to James and wrote "denied" over the lined-out portions. The district
court also changed the order's title to "order denying defendant's motion for attorney fees, costs, and
interest." (Emphasis added.) James believed the February 21 order was final and appealable, and
on March 19, he filed his notice of appeal from the order. However, on June 10, a supplemental
clerk's record was filed in this Court consisting of a "final judgment" that was signed on May 29 and
filed on June 5. The judgment states that James should not recover his attorney's fees, orders Melvin
to pay all costs, and states that "all relief not granted in this judgment is expressly denied." James
argues that the two documents are contradictory because the first denies an award of costs while the
second assesses costs against Melvin. We do not believe that the district court's assessment of costs
in the May 29 judgment is "contradictory" to the February 21 order. In February, the district court,
using James's draft, simply crossed out all of the positive language, including the award of costs
contained in a sentence granting James's motion and awarding him attorney's fees.


 James states that he did not know about the May 29 judgment until July 11, when he
received Melvin's brief that included the judgment in its appendix, and that he believes the district
court clerk violated rule 306a(3) of the rules of civil procedure. See Tex. R. Civ. P. 306a(3)
(requiring court clerk to "immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed"). James then "requests permission to
request findings of fact and conclusions of law from the trial court out of time." However, James
did not file such a motion following the February 21 order, which he believed was final and from
which he sought to appeal, and we see no reason to allow him to request them at this late date, after
the briefs have been filed and after Melvin has pointed out that James failed to obtain such findings
and conclusions.


 In his appellant's brief filed before James learned of the May 29 judgment, he contends that
he was entitled to his costs and expenses. Although this cause is somewhat irregular in having two
signed documents, the first of which at least one of the parties believed was final and appealable, the
record now contains a final, appealable order that assesses costs against Melvin. We therefore
overrule James's complaint related to costs.


 Finally, James contends that "pursuant to Texas Finance Code Sections 304.003 - 304.007,
[he] is entitled to an award of post-judgment interest." See Tex. Fin. Code Ann. §§ 304.003-.007
(West Supp. 2003). This argument is inadequately briefed and therefore is waived. See Tex. R.
App. P. 38.1. Furthermore, since we have held that James is not entitled to attorney's fees, he is not
entitled to post-judgment interest on a money judgment. See Tex. Fin. Code Ann. § 304.005(a).