# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00193-CV

**James D. Crownover, Appellant**

**v.**

**Melvin Crownover, Appellee**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
## NO. 19529, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

Several years after their mother died, leaving her estate to her sons, appellee Melvin Crownover and appellant James D. Crownover,[1] Melvin sued James for fraud, conversion, breach of fiduciary duty, and theft, alleging that James had concealed some of their mother=s assets from Melvin. Melvin sought the value of his portion of the hidden assets, punitive damages, and attorney=s fees. James moved for summary judgment on grounds that Melvin=s causes of action were barred by the statute of limitations and requested attorney=s fees under the Texas Theft Liability Act (Athe TTLA@). *See* Tex. Civ. Prac. & Rem. Code Ann. '' 134.001-.005 (West 1997 & Supp. 2003). The district court granted James=s motion for summary judgment on the limitations issue but denied James=s request for attorney=s

---

[1] Because both parties share the same surname, for clarity we will respectfully refer to them by their first names.

fees.  James appeals, arguing he is entitled to attorney=s fees under the TTLA and because Melvin=s suit was brought in bad faith.  We affirm the district court=s judgment.

Section 134.005 of the TTLA provides that a person Awho prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney=s fees.@  Tex. Civ. Prac. & Rem. Code Ann. ' 134.005(b) (West 1997).  James argues that Melvin, by asserting that James committed theft, raised a claim under the TTLA, and that as the prevailing party on Melvin=s claims,[2] he is therefore entitled to attorney=s fees and costs under section 134.005.  Melvin counters that he did not bring any claims under the TTLA.

A plaintiff may not recover on a cause of action that is not put forth in his pleadings in such a way as to give the defendant Afair notice@ of the relief sought.  *See Stoner v. Thompson*, 578 S.W.2d 679, 682-83 (Tex. 1979).  A court must be able to Aascertain with reasonable certainty@ the elements of the cause of action and the relief sought from the pleadings alone and without resorting to other information.  *Id.* at 683.  A plaintiff need not explicitly refer to the statute under which he sues to sufficiently allege a statutory violation.  *See Eagle Trucking Co. v. Texas Bitulithic Co.*, 590 S.W.2d 200, 207 (Tex. Civ. App.CTyler 1979), *rev=d in part on other grounds*, 612 S.W.2d 503 (Tex. 1981).  Numerous cases describe when a plaintiff=s petition sufficiently raises a cause of action in order for him to recover under that claim.  *See, e.g.*,

---

[2]  A Aprevailing party@ successfully prosecutes or defends a suit; such a determination depends on the party=s success on the merits, not on whether the party was awarded damages.  *Johns v. Ram-Forwarding, Inc.*, 29 S.W.3d 635, 637-38 (Tex. App.CHouston [1st Dist.] 2000, no pet.); *City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex. App.CAmarillo 1997, pet. denied); *see Dear v. City of Irving*, 902 S.W.2d 731, 739 (Tex. App.CAustin 1995, writ denied) (prevailing party is one who is vindicated by judgment).  James, as a defendant who successfully asserted the defense of limitations against Melvin=s issues, was the prevailing party.  *See G. Richard Goins Constr. Co. v. S.B. McLaughlin Assocs., Inc.*, 930 S.W.2d 124, 130 (Tex. App.CTyler 1996, writ denied).

*Roark v. Allen*, 633 S.W.2d 804, 809-10 (Tex. 1982); *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981); *Stoner*, 578 S.W.2d at 683-84; *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex. 1977). However, this cause presents us with a different question: may a defendant interpret a plaintiff≠s vague pleadings as relying on a particular statute to give the defendant statutory remedies against the plaintiff when the defendant prevails on the question of liability? We review a trial court≠s determination of questions of law *de novo*. *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996). When findings of fact or conclusions of law are not requested, we will affirm a judgment on any legal theory supported by evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977).

Melvin≠s pleadings never referred to the TTLA. He alleged the following facts: Melvin agreed that James, who had handled their mother≠s financial affairs for her, should manage her estate after her death; James convinced Melvin that probate was unnecessary because the estate had very limited assets; James told Melvin that he had divided the estate between them; several years later, Melvin learned that his mother had owned stock in a large corporation; James falsely claimed to have told Melvin about the stock and paid him his share; Melvin demanded that James make an accounting and give Melvin his share of the stock, but James had so far failed and refused to do so. The portion of his petition raising his causes of action, in its entirety, alleged:

CAUSES OF ACTION

A. [Melvin] and [James] are joint owners of the assets of the estate of their deceased mother. As a joint owner [Melvin] is entitled to an accounting of those assets and a partition of his portion of the same.

B. [James] has hidden and concealed assets of the estate of their deceased mother from [Melvin] with the intent to deprive [Melvin] of his share of those assets. He has by acts

3

and omissions sought to conceal the existence of the assets from [Melvin]. Such action constitutes fraud, conversion, breach of fiduciary duty and theft.

Melvin sought his portion of the hidden assets, punitive damages, interest, and attorney=s fees.

James filed numerous special exceptions, attacking all of Melvin=s asserted causes of action. James argued that Atheft is not a cause of action for a civil suit@ and that Melvin=s pleadings do not Agive fair notice of [Melvin=s] claim for theft.@ He also specially excepted to Melvin=s request for attorney=s fees, stating that Melvin Afailed to specify which statute would make attorney fees available in this lawsuit.@ The TTLA was first mentioned in James=s motion for summary judgment, when James argued he was entitled to attorney=s fees under section 134.005, characterizing Melvin=s claim as a Aclaim for civil theft.@ James also argued he was entitled to attorney=s fees because Melvin had acted in bad faith in bringing his suit in the first place. After the district court granted summary judgment on James=s limitations issue and deferred the attorney=s fee issue, James filed a motion for attorney=s fees, costs, and interest, making the same arguments. The record does not reflect that Melvin responded to either of James=s motions. The district court denied James=s motion for attorney=s fees, stating that it was Aof the opinion that [Melvin] did not allege a cause of action under@ the TTLA, and ordered Melvin to pay all court costs.[3]

---

[3] On February 21, 2002, the district court denied James=s motion for attorney=s fees using an order drafted by James to provide that his motion should be granted. The district court crossed out the language favorable to James and wrote Adenied@ over the lined-out portions. The district court also changed the order=s title to Aorder *denying* defendant=s motion for attorney fees, costs, and interest.@ (Emphasis added.) James believed the February 21 order was final and appealable, and on March 19, he filed his notice of appeal from the order. However, on June 10, a supplemental clerk=s record was filed in this Court consisting of a Afinal judgment@ that was signed on May 29 and filed on June 5. The judgment states that James should not recover his attorney=s fees, orders Melvin to pay all costs, and states that Aall relief not granted in this judgment is expressly denied.@ James argues that the two documents are contradictory because the first denies an award of costs while the second assesses costs against Melvin. We do not believe that the district court=s assessment of costs in the May 29 judgment is Acontradictory@ to the

4

February 21 order. In February, the district court, using James=s draft, simply crossed out all of the positive language, including the award of costs contained in a sentence granting James=s motion and awarding him attorney=s fees.

James states that he did not know about the May 29 judgment until July 11, when he received Melvin=s brief that included the judgment in its appendix, and that he believes the district court clerk violated rule 306a(3) of the rules of civil procedure. *See* Tex. R. Civ. P. 306a(3) (requiring court clerk to Aimmediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed@). James then Arequests permission to request findings of fact and conclusions of law from the trial court out of time.@ However, James did not file such a motion following the February 21 order, which he believed was final and from which he sought to appeal, and we see no reason to allow him to request them at this late date, after the briefs have been filed and after Melvin has pointed out that James failed to obtain such findings and conclusions.

In his appellant=s brief filed before James learned of the May 29 judgment, he contends that he was entitled to his costs and expenses. Although this cause is somewhat irregular in having two signed documents, the first of which at least one of the parties believed was final and appealable, the record now contains a final, appealable order that assesses costs against Melvin. We therefore overrule James=s complaint related to costs.

Finally, James contends that Apursuant to Texas Finance Code Sections 304.003 - 304.007, [he] is entitled to an award of post-judgment interest.@ *See* Tex. Fin. Code Ann. '' 304.003-.007 (West Supp. 2003). This argument is inadequately briefed and therefore is waived. *See* Tex. R. App. P. 38.1. Furthermore, since we have held that James is not entitled to attorney=s fees, he is not entitled to post-judgment interest on a money judgment. *See* Tex. Fin. Code Ann. ' 304.005(a).

James argues that Melvin must have been relying on the TTLA because there is no common-law action for theft and because Melvin sought attorney=s fees and the TTLA is the only avenue that would allow such a recovery. He further argues that Melvin had fair notice of James=s argument regarding the TTLA but failed to respond to either of James=s motions.

While it is worth noting that Melvin did not respond to James=s civil theft allegations by responding to either motion, we do not believe that such a failure amounted to Melvin=s consent to James=s argument. James, as movant for a traditional summary judgment, had the burden of establishing that he was entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Melvin was under no obligation to respond to James=s argument until James produced evidence establishing that there was no issue of material fact as to his entitlement to attorney=s fees. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Although it might have been better practice to respond to those arguments, Melvin was not obliged to do so until James established his right to judgment. Melvin argued to the district court, as he does on appeal, that he did not bring an action under the TTLA, and the court agreed.

We do not believe that the mere inclusion of the word Atheft@ in Melvin=s pleadings raised the TTLA sufficiently that either party could avail himself of the remedies of section 134.005 or any other section of the TTLA. We do not believe that James can overinterpret Melvin=s pleadings so as to give himself a statutory remedy not sought by Melvin. James himself specially excepted to Melvin=s plea for attorney=s fees, noting that Melvin did not present statutory authority for such an award. Had Melvin prevailed on the merits and sought attorney=s fees, we believe James would have been justified in arguing that Melvin had not stated a claim entitling him to such fees.

6

Conversion is the civil counterpart of the criminal offense of theft. *See* Tex. Pen. Code Ann. ' 31.02 (West 1994) (ATheft . . . constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee . . . .@); *Stockman v. State*, 826 S.W.2d 627, 637 (Tex. App.CDallas 1992, pet. ref=d) (Enoch, C.J., dissenting) (Atheft is the criminal parallel of civil conversion@); *see also* Black=s Law Dictionary 333, 1486-87 (7th ed. 1999) (conversion is Awrongful possession or disposition of another=s property as if it were one=s own@; theft is Afelonious taking and removing of another=s personal property with the intent of depriving the true owner of it@). Conversion is a common-law cause of action and is commonly brought in civil courts; on the other hand, this Court has found very few cases brought under the TTLA. *See, e.g.*, *Texas Commerce Bank, Nat=l Ass=n v. New*, 3 S.W.3d 515 (Tex. 1999) (discussing affidavits filed in suit brought under TTLA); *Moorehouse v. Chase Manhattan Bank*, 76 S.W.3d 608 (Tex. App.CSan Antonio 2002, no pet.) (TTLA and conversion suit dismissed on summary judgment); *Johns v. Ram-Forwarding, Inc.*, 29 S.W.3d 635 (Tex. App.CHouston [1st Dist.] 2000, no pet.) (discussing Aprevailing party@ under TTLA); *Sedillo v. Campbell*, 5 S.W.3d 824 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (suit brought under TTLA; appellate issues related solely to waiver of arbitration). We hold that the mere use of the word Atheft@ that appears only one time in the petition, without some kind of statutory reference or allusion, did not raise a claim under this rarely used and very specific statute. Our opinion is bolstered by James=s special exceptions both to Melvin=s Atheft@ cause of action and to Melvin=s request for attorney=s fees. James first argued that Melvin had no statutory authority to request attorney=s fees and then attempted to read into Melvin=s pleadings a very specific statute not alleged in the pleadings in order to obtain attorney=s fees himself. We hold that the district court did not err in finding that Melvin did not raise a cause of action under the TTLA.

7

James alternatively argues that Melvin=s lawsuit was clearly brought in bad faith, thus entitling James to recover attorney=s fees as an exception to the usual rule that attorney=s fees are not recoverable unless authorized by contract or statute. *See McCall v. Tana Oil & Gas Corp.*, 82 S.W.3d 337, 344-45 (Tex. App.CAustin 2001, pet. granted); *Thomas v. Prudential Sec., Inc.*, 921 S.W.2d 847, 850-51 (Tex. App.CAustin 1996, no writ). A lawsuit is brought in bad faith if brought Awhen the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.@ *McCall*, 82 S.W.3d at 345 (quoting *Browning Debenture Holders=Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977)). James supports his assertion of bad faith by pointing to the fact that Melvin did not produce evidence to support his claims and Melvin=s counsel stated at the hearing on attorney=s fees, AIn retrospect now I should have simply filed a motion for nonsuit.@ We disagree.

At the hearing on attorney=s fees, Melvin=s attorney stated that he had agreed to James=s motion for summary judgment because (1) he could not get around the statute of limitations and (2) he wished to Aend the war@ between the brothers. The fact that after filing suit Melvin and his attorney realized they could not defeat James=s statute of limitations defense does not require a finding that the suit was brought in bad faith. James=s statute of limitations defense does not establish that Melvin=s complaints regarding James=s concealment of some of their mother=s assets had no basis in fact. Melvin was not required to produce evidence to support his claims because James prevailed on the basis of a statute of limitations defense, not on a Ano-evidence@ motion for summary judgment. *See* Tex. R. Civ. P. 166a(c), (i).

James has not established that Melvin brought his lawsuit Awantonly, for purposes of harassment or delay, or for other improper reasons.@ *See McCall*, 82 S.W.3d at 345. We hold that the

8

trial court did not err in refusing to award James attorney=s fees under the TTLA or for Melvin=s alleged bad faith.  We overrule James=s issue on appeal and affirm the trial court=s judgment.


Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:  December 12, 2002

Do Not Publish