# NO. 12-20-00212-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARLA SHEPHERD,*<br>*APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *WAL-MART STORES TEXAS, LLC,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marla Shepherd appeals a no-evidence summary judgment granted in favor of Wal-Mart Stores Texas, LLC. In two issues, she contends there was an inadequate time for discovery, and she presented more than a scintilla of evidence to support her claim. We affirm.

## BACKGROUND

On November 21, 2017, Shepherd was walking near the produce section of a Wal-Mart Supercenter in Kilgore, Texas, when she fell. Shepherd alleges she slipped in a puddle of water on the floor, which caused her to fall. She further alleges that she sustained injuries as a result of her fall.

Shepherd filed suit in August 2019, alleging premises liability claims. Specifically, Shepherd alleges Wal-Mart was negligent in keeping the premises safe for her as a customer and invitee. On June 21, 2020, Wal-Mart filed a no-evidence motion for summary judgment arguing that Shepherd lacked evidence that Wal-Mart had actual or constructive knowledge of a dangerous condition. Shepherd responded to the motion and urged that an adequate time for discovery had not elapsed and that she had evidence of actual and constructive knowledge. Following a hearing on August 20, 2020, the trial court granted the motion for summary judgment. Shepherd filed a motion for new trial, which was denied. This appeal followed.

## ADEQUATE TIME FOR DISCOVERY

In her first issue, Shepherd asserts the trial court erred in granting a no-evidence summary judgment because an adequate time for discovery had not passed when the trial court granted summary judgment. Shepherd complains that she should have been afforded the opportunity to seek further discovery from Wal-Mart and that Wal-Mart recently disclosed more potential witnesses.

Under the Texas Rules of Civil Procedure, a no-evidence motion for summary judgment should be filed after the non-movant has had "adequate time for discovery." TEX. R. CIV. P. 166a(i). An adequate time for discovery is determined by such factors as the nature of the case, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case had been active in the trial court. *Martinez v. City of San Antonio,* 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). We review the trial court's determination that there has been an adequate time for discovery under an abuse of discretion standard. *Moorehouse v. Chase Manhattan Bank,* 76 S.W.3d 608, 612 (Tex. App.—San Antonio 2002, no pet.).

In her unsworn response to the motion for summary judgment, Shepherd urged that an inadequate time for discovery had elapsed because Wal-Mart served its interrogatory responses after filing the motion for summary judgment. In those responses, Wal-Mart disclosed the names of thirty-four Wal-Mart employees who were working in the produce section. Shepherd wished to depose two of those employees. Shepherd further argued that two months remained in the discovery period under the trial court's scheduling order. Whether to grant a motion for continuance is within the sound discretion of the trial court. *See Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex. 1996). When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file an affidavit explaining the need for further discovery or a verified motion for continuance. *Id.; Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 736 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 523 (Tex. App.—San Antonio 2003, no pet.). Shepherd did neither. Therefore, the trial court did not abuse its discretion in denying her motion for continuance. We overrule issue one.

## NO-EVIDENCE SUMMARY JUDGMENT

In her second issue, Shepherd asserts she presented more than a scintilla of evidence of actual or constructive knowledge.

## Standard of Review

After an adequate time for discovery, a party may file a no evidence motion for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). A no evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict, and it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006).

When reviewing a motion for summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A motion for summary judgment will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

## Applicable Law

An invitee enters onto another's land with the owner's knowledge and for the mutual benefit of both parties. *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). A premises owner owes an invitee a duty to exercise reasonable care to protect that person from dangerous conditions on the premises if the conditions were known or discoverable to the owner. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). When an owner has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to an invitee, that owner has a duty to take whatever action is reasonably prudent under the circumstances to reduce or eliminate the unreasonable risk. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983).

This duty toward the invitee, however, does not make the owner an insurer of the invitee's safety. *Gonzalez,* 968 S.W.2d at 936. In order to prevail on a premises liability claim, an invitee must prove that 1) the owner had actual or constructive notice of some condition on the premises, 2) the condition posed an unreasonable risk of harm, 3) the owner did not exercise reasonable care to reduce or eliminate the risk, and 4) the owner's failure to use such care proximately caused her injuries. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992). The notice element in such a claim is satisfied by establishing that 1) the defendant placed the substance on the premises, 2) the defendant actually knew that the substance was on the premises, or 3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *See Gonzalez,* 968 S.W.2d at 936. When circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition. *Id.* This so-called "time-notice rule" is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. *See Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 816 (Tex. 2002). What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. *Id.* But in any case, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. *Id.* Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach the Texas Supreme Court has clearly denounced. *Id.* (citing *CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 102 (Tex. 2000)).

**Analysis**

On appeal, Shepherd contends her video evidence provided more than a scintilla of evidence that Wal-Mart had either actual or constructive knowledge of the condition that caused her to fall. Wal-Mart urges that Shepherd failed to present evidence showing how long the substance was on the floor before she fell.

The video depicts a busy produce section, with several customers and employees. An employee with a produce cart stops and appears to wipe something off the floor. Approximately two minutes later, Shepherd walks through the same area and falls. However, in the intervening two minutes, other customers walked through the same area without slipping. The video does

4

not show what substance, if any, was on the floor when Shepherd slipped. The video does not show, and Shepherd fails to point out, anything that suggests the employee, rather than another customer, created the alleged dangerous condition. The video is further devoid of information about the alleged dangerous condition, its creation, or how long it may have been present. Furthermore, the video does not demonstrate that the Wal-Mart employee either created or knew of a dangerous condition. Even viewing the evidence in a light favorable to Shepherd, we hold Shepherd presented no evidence showing how long the alleged substance existed on the floor before she fell. *See Reece*, 81 S.W.3d at 816-17; *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006). As a result, Shepherd presented no evidence of actual or constructive knowledge, and the trial court did not err in granting summary judgment. Shepherd's second issue is overruled.

## DISPOSITION

Having overruled Shepherd's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-20-00212-CV**

**MARLA SHEPHERD,**
Appellant
V.
**WAL-MART STORES TEXAS, LLC,**
Appellee

Appeal from the 124th District Court
of Gregg County, Texas (Tr.Ct.No. 2019-1507-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, that all costs of this appeal be, and the same are, adjudged against the Appellant, **MARLA SHEPHERD**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*