Dr. E. H. WILLIAMS, Appellant,

v.

Robert F. ROBERTS, Appellee.

No. 16431.

Court of Civil Appeals of Texas,
San Antonio.

May 27, 1981.

Rehearing Denied June 30, 1981.

Aubrey D. Stokes, San Angelo, for appellant.

Darrell G. Lochte, Kerrville, for appellee.

## OPINION

CADENA, Chief Justice.

Plaintiff, Dr. E. H. Williams, appeals from a judgment awarding him damages in the amount of $18,235.59 against defendant, Robert F. Roberts. Plaintiff's sole complaint is that the trial court erred in not awarding him prejudgment interest on the amount recovered. Defendant has not responded to plaintiff's sole point of error but, instead, as cross-appellant, presents points challenging the judgment rendered against him.

Defendant hired plaintiff, a doctor of veterinary medicine, as a veterinarian and general manager of defendant's thoroughbred racehorse ranch. Plaintiff's pleadings sought recovery on the basis of an oral contract of employment or, in the alternative, on the basis of quantum meruit, for services and labor performed, and material furnished to or benefitting defendant.

Defendant first challenges the judgment on the ground that the cause of action on which the judgment is based was barred by the two-year statute of limitations.

Plaintiff's original petition sought recovery on the basis of an oral contract which provided that plaintiff receive a salary of $1,000.00 per month plus 5% of the winnings of the horses owned and raced by defendant. In addition, plaintiff sought reimbursement for certain expenditures which he alleged he incurred for the benefit of defendant and with the understanding that he would be reimbursed for such expenditures. This pleading was filed prior to the expiration of the limitations period.

Nine years later, plaintiff filed an amended petition in which he added an alternative prayer for recovery on the theory of quantum meruit. Under this pleading plaintiff sought to recover the reasonable value of the services rendered by him and the expenses for which he had not been reimbursed. The amended pleading also sought recovery of attorney's fees.

Defendant's contention that the claim based on quantum meruit is barred by limitations rests primarily on the decision in *Phoenix Lumber Co. v. Houston Water Co.,* 94 Tex. 456, 61 S.W. 707 (1901), in which it was said that, in determining whether a cause of action first presented in an amended pleading is barred by limitations, it depends on whether the cause of action alleged in the amended pleading was, with reference to the claim pleaded in the original petition, the same cause of action. *Phoenix* established a four-pronged test for determining whether the causes of action were identical. A finding of identity required an affirmative answer to each of the following questions: (1) Would a recovery under the original claim bar a recovery under the claim alleged in the amended petition? (2) Would the same evidence support both causes of action alleged? (3) Is the measure of damages the same under each claim? (4) Is each cause of action subject to the same defenses? 61 S.W. at 709.

*Phoenix* was decided prior to the adoption, in 1931, of Article 5539b, Tex.Rev. Civ.Stat.Ann. (Vernon 1958).⁵ This statute provides that whenever a pleading embracing a cause of action is filed at a time when such cause of action is not barred by limitation, no subsequent amendment changing any of the facts or grounds of liability shall be subject to a plea of limitation unless such amendment is wholly based upon and grows out of a "new, distinct or different transaction and occurrence."

There are post-1931 decisions, such as *Hopper v. Hargrove,* 154 S.W.2d 978 (Tex. Civ.App.—Texarkana 1941, writ ref'd), and *Lubbering v. Ellison,* 342 S.W.2d 796 (Tex. Civ.App.—San Antonio 1961, no writ), which followed the "cause of action" concept enunciated in *Phoenix.* However, the Supreme Court, in *Leonard v. Texaco, Inc.,*

422 S.W.2d 160, 163 (Tex.1967), made it clear that the test under Article 5539b "is no longer based upon a difference in causes of action declared upon in the original and amended petitions", but "is whether the cause of action alleged in the amended petition is 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.'" The *Leonard* opinion expressly disapproved the contrary holding in *Hopper.*

■ It is clear that the quantum meruit claim alleged by plaintiff in his amended pleading was not wholly based upon, nor did it grow out of, "a new, distinct or different transaction and occurrence." Defendant's contention based on limitations is without merit. *See Blalack v. Johnson,* 293 S.W.2d 811 (Tex.Civ.App.—Texarkana 1956, no writ).

Since plaintiff's pleading clearly alleged that he had performed services for defendant, alleged the value of such services and expenditures incurred, and alleged that his cause of action was based on a claim for personal services rendered to defendant, we cannot agree with defendant's contention that the pleadings do not support an award for the value of personal services.

■ Plaintiff testified in detail concerning the extent of the services rendered by him both as a specialized equine veterinarian and in performing his function as manager of the ranch. A veterinarian testifying for plaintiff stated that a resident specialized equine veterinarian, at the time of rendition of plaintiff's services, was paid an average salary of $30,000.00 per year, "plus, they were usually furnished a home and vehicle and their medications, and stuff that they had to use." The fact that the opinion of this witness was partly based on hearsay did not make his testimony objectionable. He testified that he had personal knowledge of the subject matter. He was, therefore, qualified to give his opinion. *See Barker v. Dunham,* 551 S.W.2d 41 (Tex. 1977).

There is evidence that, at the time defendant hired plaintiff as veterinarian and manager, he was paying his foreman $450.00 per month and furnished such foreman a house in which to live. The evidence shows that when plaintiff was hired to manage the ranch and be the resident veterinarian, defendant embarked on a rather substantial program, all of which was supervised by plaintiff, involving the building of new barns, fences, roads, dams and a racetrack because defendant wanted to build a "real horse ranch." There was also a significant increase in the number of horses on the ranch.

■ In view of such testimony, we cannot sustain defendant's contention that there was "no evidence" to support the trial court's award of $15,447.38 as compensation for plaintiff's services and that the trial court erred in refusing to grant defendant's motion for judgment n.o.v. to reduce the judgment to $2,375.00.

■ We sustain plaintiff's point that the trial court erred in denying him prejudgment interest. The measure of plaintiff's recovery or claim was fixed by conditions which existed at the time the claim arose. The right to prejudgment interest is not limited to cases where the *amount* of recovery is fixed at such time. All that is required is that the amount be determinable by a court under fixed rules of evidence and by reference to known standards of value. Prejudgment interest may be allowed in an action based on quantum meruit. *Black Lake Pipe Line Co. v. Union Construction Co.,* 538 S.W. 80 (Tex.1976); *Davidson v. Clearman,* 391 S.W.2d 48 (Tex. 1965).

■ Plaintiff's pleadings in this case were sufficient to support an award of prejudgment interest, since he specifically prayed for "interest on such damages at the appropriate legal rate." *See Black Lake Pipe Line Co. v. Union Construction Co., supra; McDaniel v. Tucker,* 520 S.W.2d 543 (Tex.Civ.App.—Corpus Christi 1975, no writ). However, we reject plaintiff's contention that he is entitled to prejudgment interest at the rate of 9% under Article 5069–1.05, Tex.Rev.Civ.Stat.Ann. (Vernon

1971–1980 Pamph.Supp.). That statute applies only to postjudgment interest.

The judgment of the trial court is reformed to award plaintiff interest at the rate of 6% per annum on the amount of $18,235.59 from June 16, 1968, to September 13, 1979, the date of judgment.

As so reformed the judgment of the trial court is affirmed.