Ronald R. JOHNS, Appellant,

v.

RAM–FORWARDING, INC., Appellee.

No. 01–98–00798–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 5, 2000.

---

Elizabeth Mends, Houston, for appellant.

Thomas R. Ajanie, George Diaz-Arrastia, Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and ANDELL.

## OPINION

WILSON, Justice.

The primary issue in this appeal is whether a plaintiff who receives a jury finding that the defendant committed civil theft, but receives zero damages on that claim, can nonetheless recover attorney's fees awarded by the jury under the Texas Theft Liability Act. TEX.CIV.PRAC. & REM. CODE ANN. §§ 134.001–.005 (Vernon 1997 & Supp.2000). We conclude the plaintiff "prevailed" under the Act, and we affirm.

### Facts

Appellee Ram–Forwarding, Inc. employed appellant Ronald R. Johns as its vice president of sales and operations for five years. After discovering that Johns had taken money and other items from the company, as well as charged personal expenses to the company, Ram–Forwarding fired Johns and eventually sued him for fraud, conversion, and breach of fiduciary duty. Johns counterclaimed for breach of contract over his employment agreement

with Ram–Forwarding, as well as conversion and defamation.

Ram–Forwarding successfully moved for partial summary judgment on Johns' defamation claim. Johns then twice amended his counterclaim, adding claims for constructive trust, quantum meruit, and unjust enrichment. Ram–Forwarding again successfully moved for summary judgment on Johns' breach of contract, conversion, and constructive trust claims. Ram–Forwarding amended its petition to add a claim under the Texas Theft Liability Act, including a request for attorney's fees. TEX.CIV.PRAC. & REM.CODE ANN. §§ 134.001–.005 (Vernon 1997 & Supp.2000). Ram–Forwarding filed a third motion for summary judgment alleging Johns' claims for quantum meruit and unjust enrichment were barred by the statute of limitations, which the trial court denied. The trial court also denied Johns' motion for partial summary judgment in which he claimed he was entitled to sue under his employment contract as a matter of law.

The case finally went to trial on Ram–Forwarding's issues of conversion and civil theft and Johns' issue of quantum meruit. The jury found the following: Johns converted Ram–Forwarding's property (question 1); Ram–Forwarding's damages for the conversion were $46,809.48 (question 2); Johns committed civil theft (question 3); Ram–Forwarding's damages for the civil theft were $0 (question 4); Ram–Forwarding's attorney's fees were $50,000 for trial, $15,000 for an appeal to the court of appeals, $3,750 for a petition for review to the supreme court, and $3,750 if the supreme court granted the petition for review (question 5); Johns performed compensable work for Ram–Forwarding from April 1994 to April 1996 (question 6); Johns' damages were $45,518.98 (question 7); and Johns' attorney's fees were $50,000 for trial, $15,000 for an appeal to the court of appeals, $3,750 for a petition for review to the supreme court, and $3,750 if the supreme court granted the petition for review (question · 8). The trial court rendered judgment on the jury's verdict, but did not award the offset of the two damage awards, $1,290.50, to Ram–Forwarding. Instead, the trial court awarded both Ram–Forwarding and Johns their respective damages and attorney's fees.

### Discussion

■ In his issue one, Johns contends that the trial court erred by awarding attorney's fees on the civil theft claim because the jury awarded zero damages for that claim. Civil Practice and Remedies Code section 134.005(b) provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX.CIV.PRAC. & REM.CODE ANN. § 134.005(b) (Vernon 1997). Johns argues that Ram–Forwarding did not "prevail" because it did not receive any damages. We disagree.

Johns relies on the supreme court's opinion in *Green International, Inc. v. Solis,* which interpreted Civil Practice and Remedies Code section 38.001 (a party "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract."). TEX.CIV.PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997); *Green Int'l, Inc.,* 951 S.W.2d 384, 390 (Tex.1997). In *Green International, Inc.,* the court held that a party seeking attorney's fees under section 38.001 must (1) prevail on a claim enumerated in that section and (2) recover damages. *Green Int'l, Inc.,* 951 S.W.2d at 390.

■ The text of section 134.005(b), however, differs from the text of section 38.001. While section 38.001 provides that a party "may recover reasonable attorney's fees ... *in addition to* the amount of a valid claim and costs," section 134.005(b) states that a "person who *prevails*" in a suit under the Texas Theft Liability Act "shall be awarded court costs and reasonable and necessary attorney's fees." (Emphasis added). Other courts of appeals

have interpreted a "prevailing party" as "one of the parties to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention." *City of Amarillo v. Glick,* 991 S.W.2d 14, 17 (Tex.App.—Amarillo 1997, no pet.) (interpreting TEX.LOC. GOV'T CODE ANN. § 143.015(c) (Vernon 1999)); *Federal Deposit Ins. Corp. v. Graham,* 882 S.W.2d 890, 900 (Tex.App.— Houston [14th Dist.] 1994, no writ) (interpreting TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997)). A determination of whether a party is the prevailing or successful party must be based upon success on the merits, and not on whether or not damages were awarded. *Glick,* 991 S.W.2d at 17; *Scholl v. Home Owners Warranty Corp.,* 810 S.W.2d 464, 468 (Tex. App.—San Antonio 1991, no writ) (interpreting TEX.R.CIV.P. 131); *Perez v. Baker Packers, Div. of Baker Int'l Corp.,* 694 S.W.2d 138, 143 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (interpreting TEX.R.CIV.P. 131). Accordingly, we hold that Ram–Forwarding was entitled to recover attorney's fees even though it recovered zero damages for its civil theft claim.

■ Johns also argues that allowing Ram–Forwarding to recover both actual damages for its conversion claim and attorney's fees for its civil theft claim would amount to an impermissible double recovery. We do not answer this question because Johns has not shown that it (1) objected to the trial court's action in rendering judgment on the verdict for both claims and (2) obtained an adverse ruling. The error, if any, is not preserved for appellate review. *See* TEX.R.APP.P. 33.1(a).

We overrule issue one.

■ In issues two and three, Johns claims the trial court erred in limiting his quantum meruit claim to two years, because Ram Forwarding did not raise the defense of statute of limitations. Question

6 in the charge states in part, "Did Ronald Jones perform compensable work, in addition to that for which he was already paid, for Ram–Forwarding, Inc. from April, 1994 to April, 1996?"

We hold that Johns has not preserved issues two and three for appellate review. Although Johns orally objected to the submission of question 6, he has not demonstrated that he tendered a substantially correct question that the trial court refused. A party is required to request and tender to the trial court a substantially correct question in writing when the trial court omits the question from the jury charge. TEX.R.CIV.P. 278; *see Mason v. Southern Pac. Transp. Co.,* 892 S.W.2d 115, 117–18 (Tex.App.—Houston [1st Dist.] 1994, writ denied). If a party fails to do so, any error by the trial court in not submitting the question to the jury is waived. *Mason,* 892 S.W.2d at 117. Although he orally objected to question 2, Johns did not submit a substantially correct question in writing as required by rule 278. Therefore, Johns has waived his complaint on appeal.

We overrule issues two and three.

■ In issue four, Johns contends the trial court erred in ruling pretrial that he could not offer evidence at trial concerning Ram–Forwarding's use of Johns' "IATA license." [1] Johns has not preserved this complaint for appellate review by objecting, obtaining an adverse ruling, and making an offer of proof. TEX.R.EVID. 103(a); TEX.R.APP.P. 33.1(a).

We overrule issue four.

■ In issue five, Johns claims the trial court erred in denying his motion for partial summary judgment on his breach of contract claim, thus, effectively not allowing Johns to submit evidence at trial on this claim. Again, Johns has not preserved this issue for appellate review because the denial of a motion for summary judgment followed by a conventional trial

---

1. Johns does not explain in his brief what an     "IATA license" is.

on the merits does not finally decide any issue pending before the trial court. *See Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966); *see, e.g., Anderson v. Bormann,* 489 S.W.2d 945, 947 (Tex.Civ. App.—San Antonio 1973, writ ref'd n.r.e.). Johns waived this issue by not bringing it up again at trial. *See Horton v. Horton,* 965 S.W.2d 78, 88 (Tex.App.—Fort Worth 1998, no pet.).

We overrule issue five.

### Conclusion

We affirm the trial court's judgment.