**PEPI CORPORATION, Appellant,**

v.

**Brett GALLIFORD, d/b/a Green Electronics, Appellee.**

No. 01–05–00788–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 8, 2007.

Kevin F. Risley, Thompson, Coe, Cousins & Irons, L.L.P., Houston, TX, for Appellant.

Don L. Hendrix, Houston, for Appellee.

Panel consists of Justices JENNINGS, HANKS, HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Brett Galliford, appellee, performed work as a subcontractor on property owned by Pepi Corporation, appellant. Galliford brought suit against Pepi Corp. arguing that Galliford failed to receive payment from the contractor and Pepi Corp. allegedly assured Galliford that he would be paid. After holding a bench trial, the trial court found Pepi Corp. liable under quantum meruit.

In five points of error, Pepi Corp. argues that the trial court erred by ruling in favor of Galliford because (1) Galliford's claim of quantum meruit is barred by the statute of limitations; (2) the existence of a contract between Galliford and the contractor bars recovery under quantum meruit; (3) the evidence is legally insufficient to establish a claim of unjust enrichment; (4) the evidence is legally insufficient to establish a claim of quantum meruit; and (5) the evidence is legally insufficient to support a finding of damages.

We reverse and render.

## Background

In 1999, Pepi Corp. hired a contractor to construct a restaurant on property it owned. The contractor, in turn, hired Galliford to perform electrical work on the building. Galliford submitted invoices to the contractor, but did not receive any payment. Galliford then contacted Pepi Corp., and allegedly spoke with Albert Pepi, the president of Pepi Corp. Galliford testified that during multiple conversations with Albert, he told Galliford, "I'll make sure you get paid." Almost two years after Galliford's completion of the electrical work, the contractor filed for bankruptcy protection. When Pepi Corp. refused to pay Galliford directly, Galliford brought suit.

## Statute of Limitations

In the first point of error, Pepi Corp. argues that Galliford's claims are barred by a two-year statute of limitations. In order to decide this point of error, we must determine the type of claim that Galliford brought and decide whether a two or four-year statute of limitations applies to the claim brought.

### A. Standard of Review

Both parties agree that Galliford's cause of action accrued in January of 2000. When the date of accrual of the cause of action is not disputed, the trial court may decide whether the plaintiff's claims are barred by limitations as a matter of law. *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.). We review a trial court's conclusions of law de novo. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002). The trial court did not file findings of fact or conclusions of law. However, the judgment for Galliford carries an implied finding that Galliford's claim was not barred by limitations. *See id.* at 795.

### B. Type of Claim

Before deciding whether the trial court erred in finding as a matter of law that Galliford's claims were not barred by the statute of limitations, we first clarify the type of claim that Galliford brought. Galliford's petition states "Plaintiff seeks to recover damages from [Defendant] in quantum meruit. Plaintiff would show that the Defendant has unjustly enriched itself to Plaintiff's damage." The pleading

states that Galliford seeks recovery in quantum meruit.

■ Unjust enrichment is an independent cause of action. *See HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 891 (Tex. 1998). However, a claim that the opposing party is unjustly enriched by retaining the benefits of services rendered by the plaintiff can also be the basis for a quantum meruit cause of action, rather than a separate claim in itself. *See Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex.1990) (recognizing recovery when non-payment for services rendered would result in unjust enrichment to party benefited).

■ To recover in quantum meruit, the plaintiff must prove (1) that valuable services were rendered or materials were furnished, (2) for the person sought to be charged, (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him, (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person sought to be charged. *Id.* Galliford's pleading addresses the first three elements by including statements that he had provided goods, materials, and services which were retained by Pepi Corp. for the improvement of property owned by Pepi Corp. Galliford also states in his pleading that Pepi Corp. repeatedly assured him that he would be paid, and the work was done "at the insistence and request" of Pepi Corp. These statements show that Galliford intended to plead and

prove the fourth element of a quantum meruit claim.

Other than the statement that Pepi Corp. had "unjustly enriched itself," Galliford's pleading makes no specific reference to any proof of a separate unjust enrichment cause of action. The language used in the pleading indicates that Galliford's claim against Pepi Corp. is a quantum meruit claim founded on unjust enrichment, rather than an independent cause of action for unjust enrichment.

## C. Statute of Limitations

■ The Supreme Court of Texas has stated that a two-year statute of limitations applies to unjust enrichment claims. *See Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 737 (Tex.2001); *HECI,* 982 S.W.2d at 885. Appellant argues that the two-year statute of limitations applies whether the claim is for unjust enrichment or quantum meruit. We disagree.

■ An attempt to recover the value of materials and services rendered and accepted in quantum meruit is "a species of a suit for debt." *Mann v. Jack Roach Bissonnet, Inc.,* 623 S.W.2d 716, 718 (Tex.Civ. App.-Houston [1st Dist.] 1981, no writ). Prior to 1985, the limitations statutes for debt actions were codified in Texas Civil Practices and Remedies Code articles 5526 and 5527.[1] Before amendment in 1979, Article 5526 stated that a two-year statute applied to actions for certain debts and did not specify whether such debt was evidenced by a writing.[2] The pre–1979 version of article 5527 limited debt actions *grounded upon any contract in writing* to

---

1. *See* Act of May 27, 1979, 66th Leg., R.S., ch. 716, 1979 Tex. Gen. Laws 1768–69, *repealed by* Act of May 17, 1985, 69th Leg., ch. 959, 1985 Tex. Gen. Laws 3242–322.

2. *See* Act approved Feb. 5, 1841, 5th Cong., R.S. § 2, 2 H.P.N. Gammel, The Laws of Texas 1822–1897, at 627 (Austin, Gammel Book Co. 1898), *amended by* Act of May 27, 1979, 66th Leg., R.S., ch. 716, 1979 Tex. Gen. Laws 1768–69.

a four-year statute of limitations.[3] However, in 1979, article 5527 was amended and later recodified in Texas Civil Practices and Remedies Code section 16.004. TEX. CIV. PRAC. & REM.CODE ANN. § 16.004 (Vernon 2002). Section 16.004 states that actions in debt are governed by a four-year statute and makes no reference to a requirement that the debt must be evidenced by a written contract. *Id; see also Livingston Ford Mercury, Inc. v. Haley,* 997 S.W.2d 425, 428 (Tex.App.-Beaumont 1999, no pet.) (comparing pre–1979 art. 5527 language to section 16.004). Therefore, the four-year statute of limitations in section 16.004 applies to debt actions, whether or not the debt is evidenced by a written contract. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004 (Vernon 2002).

Appellant cites *Johns v. Ram–Forwarding* from this Court for the proposition that a two-year statute should govern quantum meruit claims. *Johns v. Ram–Forwarding, Inc.,* 29 S.W.3d 635, 638 (Tex. App.-Houston [1st Dist.] 2000, no pet.). In *Johns,* we overruled an appellant's claim that the trial court erred in limiting his quantum meruit claim to two years. *Id.* However the statement in *Johns* refers to the appellant's argument against the application of a two-year statute of limitations, which appellant had not raised in the trial court. *Id.* Therefore, we held that appellant had not preserved error regarding the issue and did not reach whether the statute for quantum meruit was two or four years. *Id.*

Appellant also cites *Williams v. Roberts* as authority for his assertion that a two-year statute applies to quantum meruit claims. 621 S.W.2d 427 (Tex.App.-San Antonio 1981, no writ). In *Williams,* the court held that a quantum meruit claim, which otherwise would have been barred by either a two-year or four-year statute,

was not barred by limitations because it arose from the same transaction as the original petition, which had been filed early enough to satisfy both statutes. *Id.* at 429. The court mentions a two-year statute of limitations only in reference to the cross-appellant's argument. *Id.* at 428. Similar to this Court in *Johns,* the San Antonio court in *Williams* did not reach whether the claim stated in the amended petition was governed by a two- or four-year statute of limitations. *See id.* at 429.

This Court has recently recognized that the four-year statute of limitations is applicable to quantum meruit claims. *See C.M. Asfahl Agency v. Tensor, Inc.,* 135 S.W.3d 768, 778 n. 7 (Tex.App.-Houston [1st Dist.] 2004, no pet.). Other courts of appeals have also applied a four-year statute of limitations to quantum meruit claims. *See Frazier v. Havens,* 102 S.W.3d 406, 410–11 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (recognizing that four year statute applied to quantum meruit, but holding that overpayments made more than four years prior to filing of counterclaim were not barred because they arose from same transaction as original claim); *Rainbow Group, Ltd. v. Johnson,* No. 03–00–00559–CV, 2002 WL 1991141, at *4 (Tex.App.-Austin Aug. 30, 2002, pet. denied) (not designated for publication). The language of section 16.004 of the Texas Civil Practices and Remedies Code and the weight of authority in the courts of appeal show that quantum meruit claims should be governed by a four-year statute of limitations.

The parties agree that the services Galliford claims were provided to and retained by Pepi Corp. were completed in January of 2000. Galliford filed the lawsuit on October 17, 2003. Accordingly, we hold that Galliford's quantum meruit claim is

3. *Id.*

not barred by the four-year statute of limitations.

We overrule appellant's first point of error.

### Contract as Bar to Recovery Under Quantum Meruit

In its second point of error, Pepi Corp. argues that the trial court erred by ruling in favor of Galliford because an express contract bars recovery under quantum meruit.

 Galliford entered into a contract with the contractor for the work performed on the property owned by Pepi Corp.[4] As a general rule, the presence of an express contract bars recovery under quantum meruit. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex.2005); *Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702, 706 (Tex.App.-Houston [1st Dist.] 1996, writ denied). This rule not only applies when a plaintiff is seeking to recover in quantum meruit from the party with whom he expressly contracted, but also when a plaintiff is seeking to recover "from a third party foreign to the original but who benefited from its performance." *Hester v. Friedkin Cos., Inc.*, 132 S.W.3d 100, 106 (Tex.App.-Houston [14th Dist.] 2004, pet. denied) (quoting *Iron Mountain Bison Ranch Inc. v. Easley Trailer Mfg., Inc.*, 42 S.W.3d 149, 160 (Tex.App.-Amarillo 2000, no pet.)). A plaintiff seeking to recover the reasonable value of services rendered or materials supplied is precluded from recovering in quantum meruit if there is an express contract *that covers those services or materials* and if no exception to the general

rule applies. *Id.* (citing *W & W Oil Co. v. Capps*, 784 S.W.2d 536, 537–38 (Tex. App.-Tyler 1990, no writ) (holding that construction company, who was unaware of farm-out agreement and who furnished goods and services to farmee, was precluded from recovering value of goods and services against farmor in quantum meruit, even though farmor made verbal promises to pay for completed work, because subject matter was covered by valid express contract (farm-out agreement)) and *Morales v. Dalworth Oil Co., Inc.*, 698 S.W.2d 772, 774–76 (Tex.App.-Fort Worth 1985, writ ref'd n.r.e.) (explaining that implied contract cannot exist where subject matter is covered by valid express contract and holding that valid express contract between gasoline equipment installer and land lessees precluded installer's recovery against lessor in quantum meruit because the subject matter of claim, the equipment, was covered by installer's contract with lessees)).

 The Texas Supreme Court has recognized three exceptions to the general rule that an express contract bars recovery under quantum meruit. "First, recovery in quantum meruit is allowed when a plaintiff has partially performed an express contract but, because of the defendant's breach, the plaintiff is prevented from completing the contract." *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex.1988). This exception is not available because Galliford has fully completed the contract and because Pepi Corp. is not the breaching party.

 Second, "[r]ecovery in quantum meruit is sometimes permitted when a

---

**4.** On the one hand, Galliford disputes that there was a contract, while on the other, he argues that he "did have an 'agreement' with the General Contractor to provide services, goods, and materials for the improvement,

benefit and use of Appellant's property and was expecting recompense from the General Contractor." This meets the definition of a contract. *See Hutchings v. Slemons*, 141 Tex. 448, 452, 174 S.W.2d 487, 489 (1943).

plaintiff partially performs an express contract that is unilateral in nature." *Id.* at 937. The present contract is bilateral; thus, this exception cannot apply to Galliford.

■ Third, a breaching plaintiff in a construction contract can recover the reasonable value of services less any damages suffered by the defendant if the defendant accepts and retains "the benefits arising as a direct result of the [plaintiff's] partial performance." *Id.* This exception is not available because Galliford did not breach.

■ Substantial performance is a condition precedent to recovery under an express contract. *Murray v. Crest Const., Inc.,* 900 S.W.2d 342, 345 (Tex.1995). Each of the exceptions listed above relates to an inability to recover under contract because of a failure of this condition precedent—either because of a breach preventing completion of the condition precedent or because of a lack of any legal obligation that creates the condition precedent. It is undisputed that Galliford completed the electrical work under the contract, and, thus, Galliford fulfilled his condition precedent. Therefore, recovery under a breach-of-contract claim is available, and recovery under quantum meruit is precluded.

The dissent acknowledges that, under the rule in *Crest Construction, Inc.,* a party may not recover under quantum meruit when there is an express contract covering the services or materials furnished. The dissent also acknowledges that to fall under the exception for construction contracts and to recover in quantum meruit, the plaintiff must have failed to complete the work under the contract. Nevertheless, the dissent contends that, because Galliford completed his work on the project based on Albert Pepi's promise to pay him, "equity supports Galliford's recovery

against Pepi in quantum meruit." Moreover, the dissent asserts that Galliford completed his work "only because Pepi assured him" that he would be paid.

Galliford testified, however, that he continued his work because he expected to be paid by *either* the contractor or Pepi and that he never terminated his agreement with the contractor. Moreover, although Galliford began calling Albert Pepi regarding the dispute over payment in late 1999, Galliford did not apparently look to Pepi for payment for the completed electrical work until some time later. To the contrary, upon the completion of the work under the contract in January 2000, Galliford sent the last invoice to the contractor at the end of January, continued to correspond with the contractor regarding payment during the Spring of 2000, and, finally, filed a lien against the contractor in March of 2000. Thus, it appears that both parties considered the contract between Galliford and the contractor to be valid and in effect at the time of Galliford's completion of his work under the contract.

As explained above, absent an applicable exception, the general rule is that the presence of an express contract bars recovery under quantum meruit. In the instant case none of the exceptions apply, there was an express contract, and Galliford fully performed his duties under that contract. Therefore we hold that the trial court erred by entering judgment in favor of Galliford premised on quantum meruit.

We sustain Pepi Corp.'s second point of error.[5]

## Conclusion

We reverse the judgment of the trial court and render judgment that Galliford take nothing.

Justice JENNINGS, dissenting.

---

5. Because our ruling on this point of error disposes of all remaining issues in this appeal, we do not reach Pepi Corp.'s remaining points of error.

TERRY JENNINGS, Justice, dissenting.

The majority errs in concluding that because "recovery under a breach-of-contract claim is available" to appellee, Brett Galliford doing business as Green Electronics, his "recovery under quantum meruit is precluded." Accordingly, I respectfully dissent.

## Factual Background

Appellant, Pepi Corporation, contracted with M.J. Duncan & Associates ("Duncan") to build a restaurant for Pepi Corporation. Duncan then subcontracted with Galliford to complete the electrical work for the restaurant.

Galliford testified that after he started working on the project in 1999, Duncan did not pay him. Galliford spoke with Duncan who told him that he "was waiting on" Pepi Corporation to pay him before he could pay Galliford. Galliford then called Albert Pepi and "explained that we weren't getting paid on the job and to see if Duncan was really telling the truth about him not getting paid. And [Pepi] said he wasn't aware of it." Pepi then told Galliford, "Don't worry about it. Everybody will get paid. You will be paid." Galliford explained that Pepi did not say, "I will make sure Duncan pays you." Pepi specifically stated that "I'll make sure you get paid."

In a second conversation with Pepi, after Galliford informed Pepi that he was "going to file an intent to lien," Pepi again told Galliford "I'm going to make sure that everybody is going to get paid." In three subsequent conversations with Pepi, Pepi explained to Galliford that "they were having issues with Duncan," but in each conversation, Pepi told Galliford, "Don't worry. Everyone is going to get paid. I'm going to make sure of that."

The project "drug into the end of [19]99 to the beginning of [20]00." Galliford testified that he continued to work on the project after he had not been paid by Duncan because he thought he would be paid by Pepi because of what Pepi "promised and told" him in the phone conversations. Galliford "never got paid anything" for his work on the restaurant.

Pepi testified that in regard to the problems he had with Duncan, he "may have heard from subcontractors," but he did not "recall any specific conversation with Green Electronics." Nor did Pepi "recall" the name of another subcontractor, A-1 Plumbing, and being sued by A-1 for non-payment. Nevertheless, Pepi further testified that he "never" assured Galliford that he would be paid, and he never agreed to pay Green Electronics directly.

Based on this evidence the trial court found that Galliford rendered services to Pepi Corporation after "a question had arisen in the contract that he had with Duncan." It further found that,

[The] services were rendered to [Pepi Corporation] with the knowledge and understanding of [Pepi] in this matter that these services were being rendered subsequent to that question. But not only were those services accepted in the new like environment, that they were encouraged. That they were relied upon. That [Galliford] relied upon representation from [Pepi], and that [Pepi] was on notice of those features.

The specific representation for the record, the Court finds, was made when [Pepi] said that [Pepi] would make sure that [Galliford] got paid.

. . . .

The court listened to [Pepi]: He didn't recall making that statement. He believed that he did not. I have the affirmative testimony from [Galliford] saying that that was the conversation on sever-

al times. I believe that that is the preponderance of the evidence that supports that finding of fact and conclusion.

## Quantum Meruit

Quantum meruit is an equitable remedy based on the promise implied by law to pay for beneficial services rendered and knowingly accepted. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex.1990). Founded on unjust enrichment, quantum meruit "will be had when non payment for the services rendered would 'result in an unjust enrichment to the party benefited by the work.'" *Id.* (quoting *City of Ingleside v. Stewart,* 554 S.W.2d 939, 943 (Tex.Civ.App.-Corpus Christi 1977, writ ref'd n.r.e.)). To recover under quantum meruit, a claimant must prove that,

(1) valuable services were rendered or materials furnished;

(2) for the person sought to be charged;

(3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him;

(4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Id.*

"Generally, a party may not recover under quantum meruit when there is an express contract covering the services or materials furnished." *Murray v. Crest Const., Inc.,* 900 S.W.2d 342, 345 (Tex. 1995). This Court has recently noted that "[i]n contending that recovery under quantum meruit is precluded, the defendant can assert the affirmative defense that there was a valid, express contract with the defendant covering the supplied services." *Tricon Tool & Supply, Inc. v. Thumann,* 226 S.W.3d 494, 502 (Tex.App.-Houston

[1st Dist.] 2006, no pet. h.) (citing *Vortt Exploration Co., Inc.,* 787 S.W.2d at 944). This is because "parties should be bound by their express agreements." *Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 684 (Tex.2000). When a valid agreement already addresses the matter, recovery under an equitable theory is inconsistent with the express agreement. *Id.*

Here, there was no express contract between Galliford, the plaintiff, and Pepi, the defendant. In regard to the contract between Galliford and Duncan, Duncan breached that contract in failing to pay Galliford, who stopped working on the project after Duncan did not pay him. Accordingly, Pepi is not entitled to assert the affirmative defense that there was a valid, express contract covering the materials and services provided by Galliford.

Moreover, "[c]onstruction contracts are an exception" to the general rule that a party may not recover under quantum meruit when there is an express contract covering the services or materials furnished. *Murray,* 900 S.W.2d at 345. In *Murray,* the supreme court held that even though a subcontractor could not recover on its express contract with a contractor, the subcontractor could "bring an action in quantum meruit to recover the amount of benefits conferred by its partial performance" on its contract with the contractor. *Id.* As emphasized by the supreme court,

> Central to the contractor's right to recover in quantum meruit is the owner's acceptance and retention of the benefits arising as a direct result of the contractor's partial performance.

*Truly v. Austin,* 744 S.W.2d 934, 937 (Tex. 1988). This is not a case in which Galliford partially performed on his contract with Duncan—Galliford completed his work. However, Pepi was "having issues

with Duncan,"[1] and Duncan breached its contract with Galliford, who stopped working on the project after Duncan failed to pay him. As found by the trial court, only after Pepi told Galliford, "I'll make sure you get paid," did Galliford complete his work on Pepi's restaurant.

Construction cases are not subject to the general rule that a party may not recover under quantum meruit when there is an express contract because, in construction cases, the plaintiffs provide "labor and materials for the direct benefit of property owners" and "the defendant retains a tangible product of value." *Id.* The point is that recovery in quantum meruit is based on equity. *Id.* at 938. Here, not only did Pepi accept and retain the benefits of Galliford's work and materials, he directly assured Galliford that he would be compensated for his labor and materials after Duncan had breached its contract with Galliford. Thus, equity supports Galliford's recovery against Pepi in quantum meruit.

Accordingly, I would hold that the trial court did not err in entering judgment in favor of Galliford on his quantum meruit claim on the ground that it is barred because of Galliford's contract with Duncan. I would overrule Pepi Corporation's second issue and address its remaining issues.

---

1. The record reflects that Pepi actually paid Duncan approximately 40% of what Pepi had agreed to pay Duncan for building the restaurant.