

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00264-CV

CARDELL DAVIS A/K/A CORDELL
DAVIS

APPELLANT

V.

ONEWEST BANK N.A. F/K/A
ONEWEST BANK FSB AND
FEDERAL NATIONAL MORTGAGE
ASSOCIATION AND VALARIE
BERRY

APPELLEES

----------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 017-262592-12

----------

## MEMORANDUM OPINION[1]

----------

In a single issue in this dispute over compensation for improvements to

real property, appellant Cardell Davis a/k/a Cordell Davis appeals the trial court's

---

[1]*See* Tex. R. App. P. 47.4.

summary judgment for appellees OneWest Bank N.A. f/k/a OneWest Bank FSB (OneWest) and Federal National Mortgage Association (Fannie Mae) on his unjust enrichment claim.[2]

In their summary judgment motion, appellees raised two grounds on the issue Davis appeals, under the heading, "Plaintiff's claim for unjust enrichment fails as a matter of law because the Moving Defendants acted in accordance with the law": (1) unjust enrichment is not an independent cause of action; and (2) appellees acted in accordance with law by foreclosing on the property. *See* Tex. R. Civ. P. 166a(b), (c); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010) (stating that a defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim), *cert. denied*, 131 S. Ct. 1017 (2011).

In part of his sole issue, and relying on *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied), Davis argues, "At the outset, [he] would show that he may bring a claim for unjust enrichment as an

---

[2]Valarie Berry is not a party to the appeal. In December 2004, Charlie M. Cook, Berry's mother, took out a reverse mortgage secured by a deed of trust on the property; the deed of trust was recorded in January 2005 and then ultimately assigned to and recorded by OneWest. Davis sued appellees, alleging, among other claims, fraud, quantum meruit, and the unjust enrichment claim at issue on appeal. In his pleadings, Davis claimed that Berry conveyed the property to him on her mother's behalf in November 2010 and told him that there were no liens on the property and that he made $70,000 in improvements before the property's foreclosure and sale to Fannie Mae. Davis does not appeal the trial court's summary judgment on his other claims.

2

independent cause of action." In *Pepi*, the First Court held that unjust enrichment is an independent cause of action. *Id.*

However, this court has held the opposite, stating, "Unjust enrichment, itself, is not an independent cause of action but rather 'characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay.'"[3] *Argyle ISD ex rel. Bd. of Trustees v. Wolf*, 234 S.W.3d 229, 246 (Tex. App.—Fort Worth 2007, no pet.) (citations omitted); *see also Hulen v. Hamilton*, No. 02-06-00288-CV, 2008 WL 553812, at *4 (Tex. App.—Fort Worth Feb. 28, 2008, no pet.) (mem. op.) (stating same); *Friberg-Cooper Water Supply Corp. v.*

---

[3]Also, we have scrutinized the record here, and contrary to Davis's contentions, there is no competent summary judgment evidence to raise a fact issue with regard to whether OneWest knew of Davis's claim to own the property at the time he repaired it. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (requiring the reviewing court to consider evidence presented in the light most favorable to the nonmovant); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008) (requiring the reviewing court to indulge every reasonable inference and resolve any doubts in the nonmovant's favor). And although Davis argues in his reply brief that appellees never gave him notice of their superior title, property code section 13.002(1) provides that an instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument. Tex. Prop. Code Ann. § 13.002(1) (West 2014); *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) ("While not all public records establish an irrebuttable presumption of notice, the recorded instruments in a grantee's chain of title generally do."). The record reflects that Davis had constructive notice of appellees' deed of trust, and on its face, Davis's deed states, "This deed is subject to all easements, restrictions, conditions, covenants, and other instruments of record." It also states, "This instrument was prepared based on information furnished by the parties, *and no independent title search has been made.*" [Emphasis added.] The record does not reflect that Davis's deed was recorded.

3

*Elledge*, 197 S.W.3d 826, 832 (Tex. App.—Fort Worth 2006) (stating same), *rev'd on limitations grounds*, 240 S.W.3d 869, 869–71 (Tex. 2007); David Dittfurth, *Restitution in Texas: Civil Liability for Unjust Enrichment*, 54 S. Tex. L. Rev. 225, 238 (2012) ("Most of the Texas courts of appeals and federal courts that have considered the question under Texas law have rejected the existence of an independent cause of action for unjust enrichment."). *But cf. HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998) ("We have recognized that, in some circumstances, a royalty owner has a cause of action against its lessee based on unjust enrichment, but only when the lessee profited *at the royalty owner's expense*."); *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41–42 (Tex. 1992) (discussing subcontractor's inability to recover under quantum meruit and unjust enrichment theories); George P. Roach, *Unjust Enrichment in Texas: Is it a Floor Wax or a Dessert Topping?*, 65 Baylor L. Rev. 153, 203–40 (2013) (exploring "the ongoing dispute of whether unjust enrichment is a cause of action").

We decline Davis's invitation to reconsider our precedent, overrule this portion of his sole issue without reaching the rest of his arguments, and affirm the trial court's judgment. *See* Tex. R. App. P. 47.1.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  April 9, 2015

4