

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00168-CR

ERIC MOSQUEDA,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-1757-C2**

## MEMORANDUM OPINION

Eric Mosqueda appeals from convictions for one count of aggravated sexual assault of a child under the age of fourteen, two counts of sexual assault of a child, and three counts of indecency with a child by contact.  TEX. PEN. CODE ANN. §§ 21.11, 22.021 (West 2011).  Mosqueda complains that the evidence was insufficient on all six counts due to the evidence being in "equipoise," was insufficient as to the aggravated sexual assault and the three indecency counts that occurred in 2006, that there was a material variance rendering the evidence insufficient as to one of the indecency charges, that the

jury charge's instruction regarding jury unanimity was insufficient, and that the trial court abused its discretion by refusing to admit evidence. Because we find no reversible error, we affirm the judgments of the trial court.

SUFFICIENCY OF THE EVIDENCE

In issues one through six, Mosqueda complains that the evidence was insufficient for the jury to have found him guilty of all six counts beyond a reasonable doubt because there was evidence that the victim may have falsely accused Mosqueda, which he contends showed the "equal probability of innocence."

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the

evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A conviction for aggravated sexual assault of a child is "supportable on the uncorroborated testimony of the victim of the sexual offense." TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005) (noting that article 38.07 "deals with the *sufficiency* of evidence required to sustain a conviction for" certain sexual offenses) (emphasis in original). The State has no burden to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004) ("The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence."), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006).

FACTS

Mosqueda is married to the victim's mother. The victim testified that the first incident between Mosqueda and her occurred in 2006 when she was in the sixth grade. According to the victim, Mosqueda and the victim were lying on a couch together when Mosqueda touched her breast on the outside and asked her bra size. Mosqueda then kissed her and told her she was a pretty good kisser for her age. This constituted the basis for count VI, which was indecency with a child by contact by touching the breast of the victim, a child under the age of 17, with Mosqueda's hand.

The second incident took place approximately one month after the first incident in 2006 when Mosqueda and the victim were watching television while sitting on two recliners and smoking marijuana together. Mosqueda pulled the victim onto his recliner, kissed her and rubbed her breasts. Mosqueda and the victim moved to the sofa, where Mosqueda got on top of the victim and began "dry humping" her. They moved back to one of the recliners and the victim rubbed Mosqueda's penis over his clothing. Mosqueda then pulled out his penis and the victim started kissing it until they were discovered by the victim's mother. After this incident, the victim was sent to Amarillo to live with her father. The second incident formed the basis for counts I, IV, and V of the indictment. Count one alleged that Mosqueda intentionally or knowingly caused the victim's mouth to contact his sexual organ. Count IV alleged that Mosqueda committed the offense of indecency by contact by touching the victim's breast. Count V alleged that Mosqueda

committed indecency by causing the victim to engage in sexual contact with him by causing her to touch his genitals with her hand.

The third incident took place in 2013 when the victim was sixteen years old and back residing with her mother and Mosqueda. The victim testified that she stayed home from school one day due to back pain. Mosqueda gave her a massage that day and pulled her on top of him. While the victim was straddling Mosqueda, the victim stated that Mosqueda ran his hands up her legs under her shorts and stuck both of his thumbs inside of her vagina. This incident constituted the basis for count II, which alleged that Mosqueda intentionally or knowingly caused the penetration of the victim's sexual organ with a finger or thumb.

The fourth incident took place a short time later when the victim had been grounded by her mother for running away. Her bedroom window had been boarded shut and the door into her bedroom had been removed. The victim had been sleeping with her mother and Mosqueda at night for one to two weeks, lying either on her mother's side or in between her mother and Mosqueda. One night when she and her mother were sleeping in the bed, Mosqueda came in and began rubbing and pulling on her leg. Mosqueda started alternating touching her in her vagina and rubbing on his penis under his clothing. The victim scooted closer to her mother and the touching stopped.

There was evidence presented that the victim had made an outcry of sexual abuse against her adoptive father in 2005, which she later recanted in a written affidavit. The

prosecution against her father was put on hold for a time but resumed when the victim's stepbrother made a similar allegation against her adoptive father as well in 2009. The victim's father committed suicide shortly before trial in 2009. The victim stated that the affidavit where she recanted her outcry was false and that she was coerced into signing it by her mother.

In 2006, a psychological evaluation of the victim was completed by Dr. William Carter. Carter testified at trial regarding the victim's psychological history as it was reported to him and testified in general regarding child victims of sexual assault. At the time of her evaluation, the victim was ten years old and was considered to be deceitful and vindictive by her family. Dr. Carter found that she could have the potential for deceptiveness, was overly sexualized for a child her age, and stated that she said that her mother and adoptive father were getting divorced because the victim had lied.

The victim's mother did not believe any of the victim's allegations. The mother testified that she saw the victim sitting on Mosqueda's lap and got very upset in 2006 but not that his pants were undone. The mother testified that she knew that Mosqueda smoked marijuana and knew of one occasion when he had smoked it with the victim. The mother testified that the victim had started acting out sexually when she was approximately eight years old, which continued throughout her teenage years. The mother admitted that the victim had told her about a dream where the victim was touched inappropriately by Mosqueda, which was what the victim had testified to telling

her mother the night that the fourth incident occurred in 2013. The mother had been indicted for injury to a child based on her knowledge of and failure to prevent the sexual conduct by Mosqueda, which was still pending at the time of trial.

The victim did not tell anyone of the incidents in 2006 until a forensic interview was conducted regarding the 2013 incidents, even though she had spoken to a psychologist, therapist, police officers, and an employee of the district attorney's office in the time following when the 2006 incidents occurred. The victim had given a written statement to law enforcement regarding the 2013 offenses, and Mosqueda attempted to show that there were discrepancies between that statement and her testimony at trial regarding whether there was wrestling involved between them in the first 2013 incident or in what position she was sleeping in the second 2013 incident in an effort to cast doubt on the veracity of her allegations.

Mosqueda contends that the evidence was in "equipoise" as to whether or not the offenses occurred because of Dr. Carter's testimony, the delayed outcry of the 2006 offenses, and because of inconsistencies in her statements to police regarding the 2013 offenses. However, because a child victim's testimony standing alone is sufficient for a jury to find a defendant guilty of a sexual offense, and any inconsistencies in the testimony are resolved by the jury's determinations regarding the credibility of the witnesses, Mosqueda's argument regarding "equipoise" is not the appropriate standard for our review, which is largely a request to view the evidence in a neutral light and to

not consider as determinative the jury's determinations regarding credibility of the witnesses and which testimony it believed. These standards relate to a review of the factual sufficiency of the evidence, which was eliminated in criminal proceedings in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict, we find that the evidence was sufficient for the jury to have found that Mosqueda was guilty of all six counts beyond a reasonable doubt. We overrule issues one, two, three, four, five, and six.

In issues seven through ten, Mosqueda complains that the evidence was insufficient for the jury to have found that he committed any of the offenses from 2006 because there was no corroboration of the victim's testimony or of her mother's testimony. However, as set forth above, a conviction for aggravated sexual assault of a child is "supportable on the uncorroborated testimony of the victim of the sexual offense." TEX. CODE CRIM. PROC. ANN. art. 38.07(a). Additionally, the State has no burden to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Because of this, Mosqueda's complaints regarding the lack of corroboration of the victim's testimony are overruled. We overrule issues seven, eight, nine, and ten.

In issue eleven, Mosqueda complains that the evidence is insufficient for the jury to have found that he touched the victim's breast with anything other than his hand. Therefore, Mosqueda argues that he cannot be found guilty of count IV of the indictment,

which alleged that he committed the offense of indecency with a child by touching her breast, because he was found guilty of count VI of the indictment which alleged that he committed the offense of indecency with a child by touching her breast with his hand and both counts were alleged to have been committed on the same date in 2006 in the indictment.

Mosqueda argues that because the allegations in count VI specifically mention use of his hand in touching the victim's breast but did not mention how the touching of the breast occurred in count IV, the State "effectively alleged in Count IV that [Mosqueda] touched the [victim's] breast in some manner other than by using his hand." Mosqueda contends that there was insufficient evidence of a touching of the breast by any other means which creates a variance between the indictment and the proof at trial.

"A 'variance' occurs when there is a discrepancy between the allegations in the indictment and the proof presented at trial." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). In a case where a variance is raised, "the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the [indictment]." *Id*. Such a variance may render the evidence insufficient to sustain the conviction. *Id*. at 247.

When the reviewing court is faced with a sufficiency of the evidence claim based upon a variance between the indictment and the proof, only a material variance will render the evidence insufficient and require reversal. *Id*. at 257. In *Gollihar*, the court

adopted the materiality test applied in the Fifth Circuit. *Id.* Under that test, a variance between the wording of an indictment and the evidence presented at trial constitutes a "fatal variance" mandating reversal only if it is material and prejudices the defendant's substantial rights. *Id.* When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.*

The elements to the offense of indecency with a child by contact relevant to count IV is that "a person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PENAL CODE ANN. § 21.11(a)(1). In relevant part, "sexual contact" is defined as "the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." TEX. PENAL CODE ANN. § 21.11(c)(1). The indictment regarding count IV was not erroneous because it did not state how the touching occurred and Mosqueda does not argue that the indictment was erroneous or should have been more specific. Therefore, any failure to include specifically how the touching occurred is not before us.

We disagree with Mosqueda's contention that count IV required touching of the breast by any means other than his hand. The evidence at trial clearly set forth two discrete incidents of Mosqueda's touching of the victim's breast in 2006. We do not find that there was a variance between the indictment and the proof at trial that would render the evidence insufficient as to count IV. We have previously determined that the evidence was otherwise sufficient to support the convictions for count IV. We overrule issue eleven.

**JURY CHARGE ERROR**

In issues twelve and thirteen, Mosqueda complains that the jury charge was erroneous regarding the instructions provided regarding jury unanimity relating to counts IV and VI. Mosqueda contends that because one count alleged touching by his hand and the other merely alleged touching, the jury charge allowed for him to be convicted on a less than unanimous verdict as to the specific incident of criminal conduct.

A jury must reach a unanimous verdict about the specific crime the defendant committed. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2013); *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011); *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008). "[T]he jury must 'agree upon a single and discrete incident that would constitute the commission of the offense alleged.'" *Cosio*, 353 S.W.3d at 771 (*quoting Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). "[N]on-unanimity may occur when the State charges one offense

and presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Id*. at 772.

When evidence is presented regarding multiple incidents, which would individually establish different offenses, the "[court's] charge, to ensure unanimity, would need to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id*.; *accord Ngo v. State*, 175 S.W.3d 738, 748-49 (Tex. Crim. App. 2005). Because the burden rests on the court to instruct the jury as to the law applicable to the case, the trial court must submit a charge to the jury that "does not allow for the possibility of a non-unanimous verdict." *Cosio*, 353 S.W.3d at 776. We first determine if error occurred and, "if we find error, we analyze that error for harm." *Ngo*, 175 S.W.3d at 743 (*citing Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If there was error, and the appellant objected to the error at trial, reversal is required when the error is "calculated to injure the rights of the defendant;" defined to mean that there is "some harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). If, as in this case, the error was not objected to, reversal is only required if the harm was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Id*. at 172 (*quoting Ross v. State*, 487 S.W.2d 744, 745 (Tex. Crim. App. 1972)); *see also Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) ("The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal.").

The jury charge contained the following instruction:

In this case, you may have heard evidence alleging multiple incidents of criminal conduct, if any, which may, individually, form the basis of a conviction for the same count. You are instructed that you must agree unanimously on which incident, if any, forms the basis for your conviction under a particular count as alleged in the indictment.

Mosqueda contends that the instruction was not sufficient because it did not explain that the jury was "required to disregard the sameness as to the way of committing the offense and as to the date of the offense" and because there was no instruction that "touch with hand" and "touch" did not mean the same thing. Further, Mosqueda argues that the instruction should have been submitted in tandem with the application paragraphs and that these failures all caused egregious harm to Mosqueda.

Because Mosqueda did not object to the jury charge on this basis, even if we assume without deciding that the jury charge was erroneous, we do not find that Mosqueda was egregiously harmed. We have reviewed the entire jury charge, the state of the evidence, including the contested issues and the weight of the probative evidence, the arguments of counsel, and the trial as a whole in conducting a harm analysis as required by *Almanza* and its progeny. *See Warner v. State*, 254 S.W.3d 458, 461 (Tex. Crim. App. 2008).

The victim testified to two separate incidents where Mosqueda touched her breast in 2006. There was no other evidence regarding touching of her breast by any means other than by Mosqueda's hand or on other dates in 2006. The State's closing argument

described the two separate incidents of touching the victim's breast in 2006 that were testified to by the victim. Mosqueda argued in closing that none of the incidents occurred and that the victim was lying.

Because we find that Mosqueda was not egregiously harmed by the error in the jury charge, if any, we overrule issues twelve and thirteen.

### ADMISSION OF EVIDENCE

In issues fourteen and fifteen, Mosqueda complains that the trial court abused its discretion by sustaining the State's hearsay objections to photographs and testimony regarding writings on the victim's mirror in her bedroom. The photographs show the mirror with the phrases "Heartbreaker (<13)," "Lie Now Die Later," "Smile Now I Lov3 You Fuck Now," and "Sex = Power." Mosqueda argues that the photographs depicting these phrases that were written on the mirror by the victim and the victim's testimony about the phrases was not hearsay or should have been admitted as an exception to the hearsay rule regarding her state of mind and motive for bias. *See* TEX. R. EVID. 803(3).

Mosqueda offered the photographs into evidence during the testimony of the victim's mother. The State objected to the admission of the photographs as containing hearsay. Mosqueda later attempted to question the victim about the writings when she was recalled to testify, and the State objected again. The trial court sustained both objections. Mosqueda did not make any other offer of proof regarding the photographs or what the testimony would have been other than the specific phrases that were depicted

in the photographs.

Even if we assume without deciding that the trial court should have overruled the State's objections and admitted the photographs into evidence, we must disregard any nonconstitutional error that does not affect a substantial right of Mosqueda. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). There was no evidence presented regarding when the photographs were taken and no offer of proof was made regarding what testimony Mosqueda sought to elicit from the victim upon questioning her about the writings. We do not find that the exclusion of the phrases in the photographs, standing alone, constituted reversible error. Therefore, the error, if any, was harmless. We overrule issues fourteen and fifteen.

**CONCLUSION**

Having found no reversible error, we affirm the judgments of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 17, 2016
Do not publish
[CRPM]

